### GILLET ET AL. *vs.* THEALL.

APPEAL FROM THE COURT OF THE FIFTH DISTRICT, FOR THE PARISH OF LAFAYETTE, THE JUDGE OF THE SIXTH PRESIDING.

Where cotton is shipped to dry good merchants with instructions to be sold on the levee, if ten and a half cents per pound could be had, and if not, to store it, and the consignees immediately employ a broker to sample it, but not finding a buyer it is stored and soon after *destroyed by fire: Held,* that the consignees are *not liable;* although it is admitted the market price at the time, of the arrival of the cotton, was twelve and a half cents per pound.

The consignees being dry good merchants, are considered as having used sufficient diligence by forthwith employing a cotton broker to effect a sale.

This is an action on two promissory notes of the defendant, and a merchants' account. The latter admitted the execution of his notes, and the account was proved. He, however, averred that he had sent to the plaintiffs in New-Orleans

WESTERN DIST.
September, 1840.

GELLET ET AL.
vs.
THEALL.

six bales of cotton, worth four hundred dollars, which they had failed to place to his credit, and which he prayed might be allowed.

The evidence showed that, on shipping the cotton, the defendant wrote to the plaintiffs to " receive it, and when sold to place the proceeds to his credit. As I gave ten cents for it here, says he, it must bring ten and a half cents at least in New-Orleans. If it will not sell for that price on the levee, have it stored until I give further instructions or come to town. Your young man told me you were shipping cotton to France, and probably it would be to your interest to take it at that price, as the quality is very good."

A broker was employed to dispose of the cotton, who sampled it to be sold on account of the plaintiffs, but a sale not being effected on the levee it was stored, and soon afterwards burnt. It was admitted, that at the time this cotton arrived in New-Orleans, cotton was selling at twelve and a half cents per pound, and that this was good cotton and worth that price. The bales averaged 400 pounds each.

The district judge allowed the set off; estimating the cotton at ten and a half cents per pound, and 400 pounds to the bale, it amounted to two hundred and fifty-two dollars, which was deducted from the plaintiffs' demand, and judgment given for the balancce, from which the plaintiffs appealed.

*Voorhies,* for the plaintiffs, insisted on the reversal of the judgment.

The plaintiffs having acted as his attorney or agent, and conformably to his instructions, are not responsible for the loss of the cotton which was destroyed by fire, in the warehouse where it was stored. There is no evidence adduced by the defendant that the price limited in his letter could have been obtained for the cotton on the levee : he was bound to make proof of the fact; the plaintiffs could not prove a negative. It is only for his unfaithfulness, fault or neglect, that the agent is responsible. *Civil Code, article* 2972.

The procuration was gratuitous. The plaintiffs were dry goods and not commission merchants. The cotton was sent to them to be sold, without charging commission, and the proceeds to be applied in part payment of their account sued on. *Louisiana Code, articles* 2960 *and* 2972.

*T. H. Lewis*, contra, urged the affirmance of the judgment. There was no opposition to the plaintiffs' demand. It was only the price of cotton set up in compensation that was disputed. It was properly allowed, as the evidence fully shows the plaintiffs could have sold the cotton for the sum at which it was limited. In storing the cotton they should have insured it.

*Morphy, J.,* delivered the opinion of the court.

This suit is brought on two promissory notes, and on an open account for goods and merchandize sold to the defendant. The claim is not disputed, but the defendant opposes as an off-set, the value of six bales of cotton forwarded to the plaintiffs in New-Orleans, with orders to sell them and place the proceeds to his credit. This offset having been allowed, the plaintiffs appealed. The defendant, in a letter enclosing the bill of lading to plaintiffs, directed them to obtain at least ten and a half cents per pound for his cotton, and in case it would not sell for that price, on the levee, to have it stored until he should give further instructions, or come to town. There is an admission on record that at the time defendant's cotton reached the city, the market price was twelve and a half cents per pound ; and that this cotton, which was of good quality, was worth that price.

The evidence shows that, upon the arrival of the cotton, one George Heno, was employed by plaintiffs to sample it, in order to sell it ; but that, not having been sold on the levee, the cotton was stored in a ware-house, wherein, shortly after, it was destroyed by fire. To escape the operation of the well known rule " *res perit domino,*" the defendant contends that the loss of this cotton must be borne by plaintiffs, because they have neglected to sell it on the levee pursuant to his

Where cotton is shipped to dry goods merchants with instructions to be sold on the levee, if ten and a half cents per pound could be had, and if not, to store it; and the consignees immediately employ a broker to sample it, but not finding a buyer it is stored and soon after destroyed by fire: Held, that the consignees are not liable; although it is admitted the market price at that time, of the arrival of the cotton, was twelve and a half cents per pound.

orders; that being authorized to sell at ten and a half cents per pound they could have easily disposed of it, and that, at all events, they have failed to show any exertion or diligence. To this the plaintiffs answer, that having employed a broker to attend to the sale, they have done all that could reasonably be expected of them; and that if he has not succeeded in selling, the fault is not theirs. The high price of the market might well raise the presumption that a sale could have been effected on the levee, at the price fixed by defendant; but from the fact of no purchaser having been immediately procured, it does not follow as a necessary consequence that the plaintiffs did actually neglect or disobey the defendant's instructions. The plaintiffs were dry goods, not commission, merchants; and we think they showed sufficient diligence by forthwith engaging a cotton broker to effect the sale. Their interest as well as the broker's was to sell, had any offer been made during the limited time the property or merchandize is suffered by the city ordinances to incumber the levee. The cotton was destroyed after it had been stored pursuant to the defendant's order; and it is not shown that plaintiff's were guilty of any fault or neglect in not selling it before. They pursued, for their principal, the course they would have followed for themselves, had the cotton been theirs. Upon the whole, we are of opinion that the offset was improperly allowed.

*The consignees being dry goods merchants, are considered as having used sufficient diligence by forthwith employing a cotton broker to effect a sale.*

It is, therefore, ordered that the judgment of the district court be annulled, avoided and reversed; and proceeding to give such judgment; as, in our opinion, ought to have been rendered below: We adjudge and decree, that the plaintiffs do recover of the defendant eleven hundred and fifty-four dollars and ninety-one cents, with legal interest, from judicial demand, on nine hundred and thirty-four dollars and two cents, amount of the two notes sued on, and costs in both courts.