## No. 11,435.

### HERMITAGE PLANTING AND MANUFACTURING COMPANY vs. FREDERICK HIGGASON.

In a possessory action, where the plaintiff annexes a deed to his petition, made a part thereof, for the purpose only of showing the nature of the possession, that fact will not impress the action with the character of a petitory one.

In a possessory action only the fact of possession and the action thereof can be considered.

If the deed contains a resolutory condition, the defendant in the possessory action has no right to offer evidence as to the happening of the condition which destroyed the deed. Nor has he the right, while the plaintiff is in possession of the property, to determine the fact of the happening of the condition and to violently disturb his possession.

APPEAL from the Twentieth District Court, Parish of Ascension. Guion, J.

*Edward N. Pugh* Attorney for Plaintiff and Appellee:

1. Possession of immovable property, both under the common and civil law, is highly favored, and the rights of the possessor are strictly safeguarded. Even a trespasser is protected in his possession until his trespass is established at the demand of one who shows some better right in himself in a suit regularly brought. To all others, *" Possideo quia possideo "* is a sufficient answer. 37 An. 117; C. P. 46, 47, 49, 50, 52, 55; C. C. 3419, 3454, 3455; 16 La. 414; 41 An. 952; 7 N. S. 488; 7 La. 415; 32 An. 701; 11 An. 512; 44 An. 819, 517; 34 An. 1158; 119 U. S. 608; 142 U. S, 280, 449; 14 An. 34, 733.

2. The requirements of the law justifying plaintiff's suit are judicially admitted by defendant to be fulfilled. No inquiry into title or other matters is admissible, and the allegation of plaintiff that he is owner does not change the cause of action, which is determined by the prayer of the petition. (*a*) 7 N. S. 488; 10 La. 140; 34 An. 386, 1055; 7 La. 415; 32 An. 701; 119 U. S.; 13 La. 237; 10 An. 518; 6 La. 559; 2 An. 225; 14 An. 733. (*b*) 16 La. 44; 37 An. 241; 1 R. 109; 10 An. 160; 20 An. 69; 21 An. 356; 25 An. 166; 41 An. 705.

3. Plaintiff was in possession. Defendant went upon the land and destroyed the railroad bed—he ignored the existence of the courts, which were open to him to assert his rights, and took the law into his own hands. " The law jealously protects the possession of property against invasion and violence. It punishes with severity the trespasser, although he may believe he has some right which he can enforce by violence. Public order and the highest interest of society require that no violence shall be done to one in peaceful possession of property. As against the lawful owner the possession of immovable property must be protected against the unlawful disturbance of his possession." 44 An. 819, 516; 119 U. S. 608; 142 U. S. 280, 449; 34 An. 1158, 386; 1 R. 140.

4. Contracts subject to resolutory condition are in full force and effect until set aside by law or by mutual consent—neither party can predicate his acts upon the theory that he is entirely right in his interpretation of the obligations arising from a contract, and that the defendant or the other party is entirely wrong. In this case there is a dispute as to whether or not the contract has been violated. C. C. 2046; 27 An. 113; 31 An. 237, 169; 44 An. 516.

5. Plaintiff's domicile is New Orleans. Defendant, by his illegal acts, can not force plaintiff to litigate in Ascension, before defendant's court, issues which could only regularly be tried at plaintiff's domicile. Wrongful and illegal acts can not vest the court with jurisdiction, and the manner and form which defendant elects to present their issues can not change the result. The accidental fact that their issues came up by way of reconvention can have no influence or bearing in depriving plaintiff of the right of being sued at his own domicile. Defendant can not do indirectly what he could not do directly, and reap an advantage from his illegal acts. C. P. 162; 7 N. S. 488; 34 An. 1055; 32 An. 74; 6 An. 241; Black on Jurisdiction 43, p. 117; 124 U. S. 146.

---

*G. A. Gondran, Paul Léche and R. N. Sims* Attorneys for Defendant and Appellant:

1. In a suit for the judicial recognition of an alleged conventional right of servitude of way, coupled with an injunction to prevent the defendant from obstructing the use or enjoyment of said right of way pending the suit, the

defendant—on proper allegations to that effect and on showing by a counter letter or writing executed and signed by the plaintiffs, annexed to and made part of his answer, that plaintiff's position does not set forth correctly or truly the *nature* of their title to the servitude claimed but that said alleged right of way over defendant's land ~vas the subject of a commutative contract between the parties with a resolutory condltion expressly attached thereto—is entitled to set up as a defence to the action plaintiffs' failure to comply with their ob-. ligations and to pray for the annulment of the contract on *that issue.* C. C. 2046 2047; C. P. 20; 14 An. 427; 12 Rob. 472.

2. The injunction obtained by plaintiffs does not constitute the suit, but is a mere incident to the main action. The object or purpose of that action is to have plaintiffs' alleged right to exercise and enjoy the servitude claimed in perpetuity judicially recognized. If that judicial recognition be withheld, the in-- junction necessarily fails. The nature and scope of plaintiffs' action is no, limited by the verbiage of the prayer of the petition. All of the allegations must be considered, together with the prayer for general relief. 38 An. 912; 3 An. 268; 10 An. 719; 15 An. 426.

3. The contention of plaintiffs that this is a possessory action and that the question of possession is the only possible issue in the case is not well founded. The rule invoked is inapplicable to plaintiffs' pleadings. * * * " where a plaintiff himself puts at issue his right of possession, exhibiting his title in his petition, he does so at his own risk and peril." ~39 An. 970; 4 Martin, 626; 34 An. 1054. " The issues in a possessory action may be twofold: (1) The fact of possession; (2) the nature of the possession." Concurring opinion of Fenner, Judge, in 34 An. 1054; see also 41 An. 1108; 40 An. 248.

4. On plaintiffs' motion to strike out the allegations of defendant's answer and his reconventional demand, all of defendant's allegations of fact must be taken as true. The motion is in the nature of an exception of no cause of action by plaintiffs to defendant's answer and reconventional demand. Therefore, for the purposes of the motion to strike out, it is true that plaintiffs suppressed in their pleadings the real nature of their title, that the contract exhibited by them is subject to an express resolutory condition, which condition has been accomplished by plaintiffs' flagrant violation of their obligation under the contract.

" The contract is entire, and by its very terms must stand or fall |as a whole. Neither party has any advantage as to any rights acquired under it." 2 An. 478. In all cases the dissolution of a contract may be demanded by suit or by exception. C. C. 2047; 6 N. S. 224.

When a remedy may be sought by action, the party entitled thereto may avail himself of it by way of exception. C. P., Art 20; 14 An. 427; 12 Rob. 472.

5. The plaintiff having its domicile in a parish different from that in which the defendant resides, *a fortiori* has the right to set up his defences in this suit and enforce his demand therein for a dissolution of the contract, and for damages by way of reconvention, as he has done. C. P., Art. 375; Smith vs. Atlas Cordage Company, 41 An. 1.

Reconventional demand may be pleaded either as an exception in the answer or by distinct and separate suit before same court. C. P., Art. 377.

Article 375, as amended by Act No. 164 of 1839, provides that, under the circumstances above stated, the defendant may reconvene for any cause. The proviso in that article makes no distinction or discrimination whatever, and the courts ought not to recognize any. *Ita lex scripta est.*

The opinion of the court was delivered by

McENERY, J.   On the 31st day of August, 1888, the plaintiff company purchased from the defendant a right of way over his property for the purpose of building a railroad. The consideration and price of said sale was the great personal advantage and benefit to the defendant and to the neighborhood by the construction of the railroad, and the sum of twenty-five dollars cash.   The plaintiff built the railroad in accordance with the stipulations to the act of sale.

On the 13th August, 1888, the following arrgreement was entered into between plaintiff and defendant: That the said Hermitage Planting Company obligates itself to pay off all of its hands employed on the Hermitage plantation from and after the 15th day of September, 1888, and further binds and obligates itself to give all orders for goods and merchandise which the hands so employed may need on Frederick Higgason, of the parish of Ascension, store keeper at Darrow P. O., Ascension, La.   And he the said Nolan, for and in the name of said planting company, binds himself and the said company to see that said Higgason is paid or secured for any advances which he may make to any of the hands employed on said Hermitage plantation (provided said advances be to a reasonable amount, and not to exceed the amount which said laborer or laborers, or hand or hands, may have earned, and which money be actually due him or them).

And now, in consideration of the said premises and above covenants and agreement on the part of said Hermitage Company, the said Higgason has this day signed before S. A. Gondran, notary public, in and for the parish of Ascension, a certain contract granting unto the said Hermitage Planting Company a certain right of way across his lands for the purpose of establishing by the said Hermitage Planting Company a railroad on his lands.   Should the Hermitage Planting Company fail to comply with and fulfil any of the conditions and agreements herein contained and agreed to be carried out by them, then this right of way granted by the said Higgason this day, as per contract before said Gondran, shall be set aside or left at his option to do so.

It is further understood by the parties hereto that said Higgason is to give notice to the said Hermitage Planting Company before the pay day of the hands of said plantation of any amount which may be due him by any of said hands or laborers on said Hermitage plantation.

The defendant, believing that the plaintiff had violated the contract above recited, in May, 1893, went upon the right of way and tore up the rails of the railroad track crossing the length of the right of way granted to plaintiff. In September, 1893, the plaintiff brought this suit, setting out the act by which the right of way was granted in its petition, and alleging that it had continuously up to date, and said road ever had been in the quiet and undisturbed possession of the same; that plaintiff, in May, 1893, tore up the track on the road bed crossing right of way granted by defendant to plaintiff; that defendant with malice did obstruct plaintiff in replacing the track on the said land, and that defendant's acts were malicious, wrongful and tortious.

The prayer is that said defendant be enjoined from disturbing or placing any obstacles in the way of plaintiff from laying and replacing the track of their said road on and across said land, and from interfering with plaintiff in the use and enjoyment of their said railroad until the further orders of this court.

The injunction issued as prayed.

The plaintiff did not annex to his petition, and we do not think it was essential that he should have done so, the contemporaneous agreement made with defendant. The defendant answered, filing a general denial, and specially urges as a defence the supplemental agreement referred to, and that plaintiff had failed to comply with the stipulations contained in the same, and he prays that there be judgment annulling the act. He also filed a reconventional demand for damages.

It is admitted that plaintiff is incorporeal and actual possessor of the part of land running through defendant's line along the right of way, and all the acts of defendant in tearing up the track are also admitted.

The pleadings also show that the plaintiff denies having violated the contract.

The pleadings being in this condition, on the judicial admission, plaintiff filed a motion that they entitled him to a judgment. The motion was tried and the injunction perpetuated, reserving to both parties the right to sue for the amount of the contract. From this judgment the defendant appealed.

The contention of the defendant is that the contract is subject to a resolutory condition, and that he has the right to plead in avoidance

matters of defence showing a dissolution of the contract in order to reject the demand of plaintiff for a recognition of the right of servi- tude and its preservation thereof in perpetuity, and that the defend- ant being a non-resident of the parish he had the right to make any defence against plaintiff's action and to institute a demand against plaintiff by way of reconvention for any cause.

If this suit was based on the contract, and was intended to enforce the same, or for damages for its violation, the contention of the defendant would be well founded. 12 Rob. 472; 14 An. 627.

. The averments in the petition and the prayer of the plaintiffs stamp plaintiff's action as possessory, pure and simple, and as such it must be governed by the law controlling possessory actions. There is no issue of title presented. It is contended by defendant that the exhibiting by plaintiff of his title to the right of way changed the character of the action and it became petitory.

The petition contains an allegation of ownership to show the nature and character of the possession, and the act of sale was ex- hibited, and annexed to plaintiff's petition as evidence of the fact and nature of possession, not of title, as the prayer of the petition is alone to be quieted in peaceable possession of the premises. It was not necessary to exhibit the act of sale, or to disclose by what title the company held possession of the right of way, but by doing so the plaintiff company did not impress upon the action the char- acter of a petitory one. Kempers' Heirs vs. Hulic, 16 La. 46; Will- iams vs. Harmanson, 41 An. 705; Nicholl vs. Railroad Company, 44 An. 817.

As said by this court in 41 An. 705: "We are not concerned with the sufficiency or even with the existence of such title. The fact and nature of the possession alone is at issue," and we may add that we are not concerned with the fact whether or not the contract has been violated and by the resolutory condition the contract dis- solved. This is a matter for future judicial determination under the reservations in the judgment appealed from if the parties see fit to resort to judicial process. It is certain the defendant had no right to take the law into his own hands and to disturb by violence the pos- session of the plaintiff. In such a case no inquiry is made as to whom the legal ownership of the property belongs, but the law is prompt in protecting the possessor, and to rebuke the unlawful act of disturbance by restoring the possession of the property to the party dispossessed. Nicholl vs. R. R. Co., 44 An. 817.

The defendant's remedy was before the law and through the courts, and no act of violence can supplement his resort to legal process to fix and ascertain his legal ownership of the property. Nicholl vs. R. R. Co., 44 An. 8'7; Boniel vs. Block, 44 An. 515; Fox vs. McKee, 31 An. 69; Trader vs. Ins. Co., 237; Laloix vs. Ins. Co., 27 An. 113.

The defendant contends that the primary object of the suit is to obtain a judicial recognition of the right of way and to perpetuate the same by injunction.

We do not so understand it.

The judgment was restricted to the allegations in plaintiff's petition, and the right of plaintiff to present possession was only recognized. The injunction is to prevent a disturbance of this possession. A judgment dissolving the contract would put an end to plaintiff's possession and the injunction would expire with it.

Judgment affirmed.