## No. 11,680.

### NORMAN F. THOMPSON VS. MRS. M. E. WHITBECK AND HUSBAND.

The plaintiff in the petitory action alleging title under a sheriff's deed, and referring to the suit under the execution in which the sale was made, is entitled to offer in evidence the mortgage act, the basis of the judgment in such suit, and the sheriff's return on the execution, the testimony tending to maintain the title pleaded, and admissible on the further ground that plaintiff averring ownership is not to anticipate by his pleadings the title defendant may allege, and is entitled to offer testimony to repel such title as defendant may advance. 4 N. S. 277; 10 An. 528; 12 An. 795; 12 Rob. 648; 11 An. 546; 2 Hennen's Digest, 1145, No. 1.

Mortgages executed by one who stands on the records as owner can not be disputed by the real owner as against mortgagees for value in good faith, acquiring their rights on the good faith of the recorded title.    1 An. 286; 4 An. 84; 45 An. 1085; 2 Hennen's Digest, 1373, No. 1.

Even the married woman who makes a simulated sale of her property, to serve the purposes of her husband, the title of the vendee being recorded, is bound by his sale or mortgage to one acquiring in good faith and for value on the faith of the recorded title.    Ibid., 45 An. 1045.

4

The suit and judgment of the married woman against her vendee annulling the sale is ineffective to disturb the right of one who before such suit has acquired for value and in good faith a mortgage on the property, granted by the wife's vendee recorded as owner; hence, under the non-alienation clause, such mortgagee may foreclose in proceedings against the mortgagor, notwithstanding the judgment annulling the sale to him by the wife and putting her in possession. See effect non-alienation clause, 1 Hennen's Digest, 955, No. 1.

APPEAL from the First District Court, Parish of Caddo. Land, J.

*Wise & Herndon* for Plaintiff, Appellee.

*R. J. Looney* and *Leonard & Thatcher* for Defendants and Appellants.

The opinion of the court was delivered by

MILLER, J. The plaintiff brings the petitory action for land acquired under the sheriff's deed, made in the suit of Thompson vs. Heirs of Ford, No. 3782 of the docket of the District Court, parish of Bossier. The petition traces Ford's title to Mrs. Whitbeck, one of the defendants; avers she and her husband are in wrongful possession, and plaintiff prays for judgment decreeing his ownership and that he be put in possession.

The defendant answered, and with the general issue averred that Mrs. Whitbeck was the owner in possession; that Ford, under whom plaintiff claims, never had title or possession; that his pretended title from her was simulated and had been so decreed; that this decree was notice to all; that plaintiff could acquire no right to the property in the face of the suit and decree of Mrs. Whitbeck, and the answer denied that plaintiff ever had title or possession.

There was judgment for plaintiff and defendants appeal.

At the threshold there is an exception to defendant's testimony. The plaintiff, averring title by sheriff's sale, offered the act of mortgage made by W. P. Ford under which the sale was made, the judgment of Thompson, the present plaintiff, against the heirs of Ford, the execution and sheriff's return. All this was offered to show the origin of plaintiff's title, and the objection was the sheriff's deed being the basis of title alleged in the petition, that only the sheriff's deed was admissible. We think that as the petition referred spe-

cifically to the suit in which the writ issued under which the sale was made, the defendant could not be surprised by the evidence. But on a broader ground we think the testimony admissible. The issue tendered by the petition was ownership under a sheriff's deed, identifying it by date, the suit in which the writ issued; besides, there was an averment of title of the defendant in that suit, and the deed itself was annexed. More than this can not be exacted of the plaintiff in a petitory action. Such an allegation of ownership authorizes in our opinion the evidence offered, all tending to support the title pleaded. Ory vs. Winter, 4 N. S. 277; Davis vs. Barham, 10 An. 528; Lawber vs. McCoy, 12 An. 795. Again, plaintiff averring title by sheriff's deed, and met by averment of title in Mrs. Whitbeck, it was competent for him to repel her defence by the proof that he held under the mortgage of her vendee standing on the public records as owner. Riley vs. Wilcox, 12 Robinson, 648; McMaster vs. Stewart, 11 An. 546; 2 Hennen's Digest, 1145, No. 1.

The plaintiff brought the possessory action based on his sheriff's deed alleging a disturbance of his possession. The suit failed because plaintiff had not the possession requisite, his deed being dated 17th June, 1893, the possessory action brought within a few months after, the court holding that plaintiff could not add the possession of Ford, defendant's vendee, to make up the one year's possession essential to bring the possessory action. Code of Practice, Art. 49, Par. 2. The plaintiff then resorted to the present petitory action. The defendant pleads the judgment in the possessory action as res judicata. That judgment determining only that plaintiff could not maintain the possessory, left him at full liberty to avail of the petitory action.

The facts on which the defence in other respects is based are: Mrs. Whitbeck originally owned the land sued for; she and her husband sold the property to W. P. Ford on the 13th March, 1889, the title being placed on record; Ford subsequently, on the 20th April, 1889, mortgaged the property to plaintiff; on December 31, 1891, Mrs. Whitbeck sues and obtains judgment against her husband and Ford, annulling the sale on the ground that the sale was a disguise to obtain money for her husband, that false representations were made to obtain her signature, and that she derived no benefit from the transaction. On that judgment a writ of possession issued, and she was put in possession. On 17th June, 1893, Thompson, under

his mortgage with the non-alienation clause, Ford, the mortgagee, having died, sued on his notes, making Ford's heirs parties, and under the execution and sheriff's sale, becomes the adjudicatee of the property. Thompson, as already stated, resorts to the possessory, and that failing brings this suit for the property adjudicated to him.

The argument for defendant is: That the title of Mrs. Whitbeck was never divested, because her sale to Ford was adjudged a nullity and she is in possession; that defendant's suit against her husband resulting in the judgment annulling the sale was notice to all; that plaintiff acquiring after that judgment and claiming title under Ford's mortgage stands in his shoes, and under Arts. 2452 and 2453 of the Civil Code is affected by the judgment against him, and the argument insists that, as plaintiff avers title under Ford, there is the additional reason to treat plaintiff as occupying Ford's position and vested only with his rights; it is further contended on behalf of defendant that the *non alienando* stipulation in plaintiff's mortgage act is operative only to authorize the plaintiff in his foreclosure proceedings to disregard sales by the mortgagor, but does not warrant such proceedings against Ford in this case, because Mrs. Whitbeck claims as owner, never divested of title, and not under any alienation by Ford, and hence on all these grounds the argument maintains plaintiff has no title.

Nothing is better settled than the validity, as against the real owner, of sales and mortgages by those to whom the owner has conveyed title, if the purchasers and mortgagees are in good faith acquiring their rights on the faith of the recorded title. The principle is extended to sales by married women, notwithstanding all the protection thrown around their contracts. Nor does the defendants' brief controvert this principle. Its application to the case here is apparent. Mrs. Whitbeck placed the property in Ford's name. He put his title on the records. The plaintiff acquired his mortgage from Ford. While the sheriff's deed to plaintiff was subsequent to Mrs. Whitbeck's suit, he acquired his mortgage before. There is no question raised as to his good faith. He stands, then, within the protection the law accords to those who acquire rights to property on the faith of the recorded title. Accompanying this mortgage was the plaintiff's right to foreclose his mortgage against the mortgagor, or in the event of his death, against his heirs. Nor is it, in our view,

of the least consequence that in Mrs. Whitbeck's suit against her husband Ford's title was declared simulated.  Plaintiff was no party to that suit and under no obligation to come into it.  As to him it was *res inter alios*, and brought after he acquired his right to the mortgage.  It is hence of no pertinence to invoke on behalf of defendant the presumption of notice to all arising from judicial proceedings.  That notice is prospective, and can not affect rights already acqired.  Richardson vs. Hyams, 1 An. 286; Boudreau vs. Bergeron, 4 An. 84; Broussard vs. Broussard, 45 An. 1085; 2 Hennen's Digest, 1373, No. 1.

It is urged that plaintiff had no right to proceed under the non-alienation stipulation against the heirs of his debtor, Ford.  This assumes that Mrs. Whitbeck's title to him, and his mortgage, must .be disregarded.  But as to the mortgagee in good faith, that title stood wholly unaffected by the suit in which it was annulled.  It was the muniment of the plaintiff's right to the mortgage, as well as to the remedy for its enforcement.  The well settled understanding of the non-alienation clause is to authorize the creditor to seize and sell the mortgaged property as if it belonged to his debtor.  1 Hennen's Digest, 955, No. 1.

We have given careful attention to defendant's brief.  The views expressed dispose of it.  We have not overlooked the contention that defendant was put in possession under the writ in her suit.  But as to plaintiff that possession was no obstacle to his right to proceed as if possession and title was in Ford.  In all aspects of the case we think the law is with the plaintiff.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed with costs.