ROGERS, Justice.
 

 This is a jactitation suit in which plaintiff alleges possession for more than a year of certain lands in Caddo parish, which he describes, and that defendant is slandering his title thereto. The slander is alleged to consist of the claim of defendant that it is the owner of a certain portion of or interest in the lands by virtue of a pretended tax deed and a pretended act of transfer thereunder which are recorded in the parish records. Certified copies of these deeds are annexed to and made part of the petition. The prayer of the petition is that defendant be ordered to disclaim any interest in the property or to assert in this proceeding any claim of title it might have.
 

 Defendant filed a plea of res judicata and an exception of no right or cause of action, which were tried and overruled. Defendant also filed pleas of estoppel and prescription, which pleas by agreement of counsel were referred to the merits. Defendant filed its answer with reservation of its pleas and exception. The answer admits the execution and recordation of the deeds referred to in the petition and defendant’s claim of ownership thereunder, but denies that they constitute a slander of title. The prayer of the answer is that plaintiff’s demands be rejected.
 

 On the trial of the case, plaintiff introduced testimony tending to establish his claims of possession for more than a year. Defendant then introduced testimony to prove that it had not disposed of the interest which it had acquired in the property under the deeds of which plaintiff complains. Defendant also offered the petition and answer in evidence.
 

 Without passing on the pleas of estoppel and prescription, the judgment of the district court rejected plaintiff’s demands. On appeal, the judgment was affirmed, the Court of Appeal holding that the defendant had converted the suit into a petitory action and that as plaintiff in the converted action had established its title to the undivided interest described in the tax deed and the act of transfer thereunder.
 
 *495
 
 At plaintiff’s instance the case has been brought up for review.
 

 The character of plaintiff’s action is fixed by the prayer of his petition. In like manner, the nature of the relief sought by defendant is determined by the prayer of its answer. Neither prayer is amplified by the allegations .embodied in the pleadings. No issue of title is set up in the pleadings, and neither party prays for judgment on the question of title. The prayer of the petition is that defendant be ordered to disclaim any interest in the property described or to assert in this proceeding any claim of title it might have. The prayer of the answer is that plaintiff’s demands be rejected.
 

 The petition alleges that plaintiff is the owner in possession of the property therein described and that defendant is slandering his title by claiming to be the owner of a portion of the property or of an interest therein by virtue of a pretended tax deed and pretended act of transfer, copies of which are annexed to the petition. Under these allegations the verity and sufficiency of plaintiff’s title is not placed in issue. The allegation of ownership is made merely to serve as a basis for plaintiff’s claim of possession. The allegation that the defendant is claiming ownership of a portion of or an interest in the property by virtue of the pretended deeds, copies of which are annexed to the petition, is not an admission on plaintiff’s part of the validity or completeness of defendant’s title. This allegation is made and the documents are annexed to the petition for the sole purpose of showing the existence and rec-ordation of the deeds and of supporting plaintiff’s charge that they constitute a slander of his title. In these circumstances, we do not find any inconsistency between the allegations of the petition and the recitals of the annexed documents. And plaintiff’s allegations are not changed or enlarged by the defendant’s answer, admitting plaintiff’s allegations of the existence and recordation of the instruments, but denying that they constitute the slander of which plaintiff complains, and also denying plaintiff’s claim of possession. The allegations of the answer are not sufficient to set up title in the defendant, thereby converting the proceeding into a petitory action. The allegations and prayer of the petition and the allegations and prayer of the answer taken together stamp the proceeding as a jactitation suit and not as a petitory action.
 

 On the
 
 trial,
 
 plaintiff closed his case after offering testimony on the question of possession only. Defendant offered no testimony whatever of its title. The testimony offered by defendant over plaintiff’s objection that defendant had not .disposed of its interest in the property as shown by the deeds of which plaintiff complains is not of itself proof of title, particularly where the sole question at issue is the question of physical possession. Nor is defendant’s offer of the petition and answer, even if it be conceded that the offer included the certified copies 'of the alleged pretended deeds annexed to the petition, sufficient to establish title in defendant, since, as we have stated, the clear purpose of plaintiff in annexing the cop
 
 *497
 
 ies of the deeds to his petition was to show by the instruments themselves, rather than by merely alleging their existence, the slander of which he complains.
 

 In a jactitation or slander of title suit, the only possible issues involved, in the absence of an answer setting up title, are the possession of the plaintiff and the slander by the defendant. Siegel v. Helis, 186 La. 506, 172 So. 768. Since defendant has not tendered the issue, of title, and plaintiff having proved his possession and the slander by defendant, the judgment of the district court as affirmed by the Court of Appeal is unauthorized. Plaintiff and not defendant is entitled to the judgment.
 

 Defendant’s plea of res judicata and its exception of no right or cause of action are founded on a certain monition proceeding and judgment. Its plea of prescription is based on the tax deed. And its plea of estoppel is predicated on the manner in which the property is assessed and the taxes paid thereon. The matters and things set up in or under the pleas and exception may have some bearing upon defendant’s claim of title when and if such claim is asserted in a proper proceeding, and for that reason we think defendant’s rights thereunder should be reserved.
 

 For the reasons assigned, the judgments of the district court and of the Court of Appeal are annulled, and it is now ordered that .there be judgment in favor of plaintiff, L. S. Rudd, and against the defendant, the Land Company, Inc., ordering the defendant to institute suit against the plaintiff asserting its title to or interest in the property described in plaintiff’s petition within 60 days after this judgment shall become final, and, in default of such suit being instituted within the time fixed, that the defendant, the Land Company, Inc., be thereafter forever barred from setting up any claim, right, or interest in, to, 'or on the property described in plaintiff’s petition, and that plaintiff be empowered to cause the clerk of court of Caddo parish to. erase from the records of the parish the instruments described in plaintiff’s petition and annexed copies thereof so far as they affect the said property. It is further ordered that the right be reserved to the defendant to set up and urge in said suit the matters and things set up in or under its pleas of res judicata, prescription, and estoppel and its exception of no right or cause of action herein filed so far as they be' relevant to such suit. All the costs of this proceeding are to be paid by the Land Company, Inc., defendant.
 

 HIGGINS, J., absent.