**BLUM et al. v. GORDON et al.**

**JACCARINO v. SAME.**

**McDONALD v. SAME.**

Nos. 6100–6102.

Court of Appeal of Louisiana.
Second Circuit.

Dec. 1, 1939.

Rehearing Denied Jan. 5, 1940.

G. P. Bullis, of Ferriday, for appellants.

McCoy & King, of Lake Charles, and Young & Watson, of St. Joseph, for appellees.

HAMITER, Judge.

These three cases are jactitation in nature and involve identical issues. In the trial court they were consolidated for all purposes and considered together. A similar treatment will be accorded them here.

The land in question consists of three adjoining small parcels located in Tensas Parish, Louisiana. One contains 2.04 acres, another 2.28 acres, and the third 2.82 acres. Together they form a narrow strip running north and south with an aggregate acreage of 7.14.

The respective plaintiffs allege that they are the owners of the land and as such have been for more than a year in the actual, physical, quiet and uninterrupted possession of it. They further allege that the respective defendants are slandering their titles by claiming to be the owners of the property, the claims being made in various detailed ways under certain recorded and described instruments. The prayers of the petitions are that defendants be condemned to institute suits in revindication within a delay to be fixed by the court and therein assert their claims or be forever barred from claiming or asserting titles to said property. Plaintiffs further pray for judgments cancelling and setting aside the instruments and proceedings constituting the basis of the alleged slander and ordering the erasure of their inscriptions.

Several dilatory exceptions were tendered to the petitions by some of the defendants. They were overruled and have since been abandoned.

The defendants in their answers deny the possession and slander of title alleged by the plaintiffs, but they do not sufficiently set up title in themselves so as to convert the proceedings into petitory actions.

The judgments of the trial court, rendered after regular trials, condemned and commanded the respective defendants to assert in the proper actions in revindication within sixty days from the date thereof such rights as they claim in or against the tracts of land in dispute. The court further decreed that in the event of the failure of said defendants to file such actions within the time thus fixed, they shall be forever barred from claiming or asserting title to the property and the pretended titles shall be cancelled and erased.

Appeals from the judgments were prosecuted by some of the defendants.

In as much as these jactitation suits have not been converted into petitory actions, the only possible issues involved are the possession of the plaintiffs and the slander by the defendants. Siegel v. Helis,

186 La. 506, 172 So. 768; Rudd v. Land Co., Inc., 188 La. 490, 177 So. 583.

Admittedly, the strip of land in dispute, which consists of the above described three small parcels, lies in irregular Section 31, Township 13 North, Range 12 East, Tensas Parish, Louisiana, near the half section line that runs north and south through said irregular section. According to a preponderance of the evidence, a fence marks the western boundary of what was originally known as the Verona Plantation. West of this fence is the original Crescent Plantation. The east half of said section lies wholly in the Verona Plantation, while the west half thereof is entirely in the other plantation. The plaintiffs and their authors in title have been for many years in the actual, open and undisturbed possession of the land lying east of the fence, this possession consisting not only of the fencing of such lands but also of its cultivation, the cutting and removing of timber therefrom, and the grazing of cattle thereon.

It is the uncontradicted testimony of a civil engineer, who has had at least 15 years' experience in the practice of his profession and who made a survey of the land, that the west line of the disputed strip coincides with the west line of the Verona Plantation, along which the aforementioned fence runs; and also that it coincides very closely with the north and south half section line of said Section 31. This engineer further testified that according to his survey the three small tracts are in the east half of the section, and this finding is not successfully challenged.

Considering then that the fence is on the dividing line between the east and west half sections, that the litigated strip lies in the eastern half of the section, and that plaintiffs and their authors in title have possessed the land east of such fence for many years, it must be held that the possession required in jactitation actions has been established in these causes.

The slander of title complained of by plaintiffs is likewise fully disclosed by the evidence. It is shown that appellants have been and are now asserting rights in the tract under the mentioned recorded proceedings and instruments.

The judgment of the trial court is, in our opinion, correct, and it is affirmed.