### ANNISON v. WOMACK.

### No. 2205.

Court of Appeal of Louisiana. First Circuit.
March 4, 1941.

of SE¼ of same section, township and range; that said land had been in his possession and that of Newsom and his heirs for more than thirty years. He further alleges that, regardless of his ownership and possession of the said property for more than a year, the defendant, in the latter part of December, 1939, entered upon the said property and has erected a barb wire fence which encloses a strip of land 53 feet wide running the entire length of the NE ¼ of SW¼ of said section and which fence separates the barn located on his property from the dwelling thereon, and also encloses a part of his cultivated land. He alleges that this disturbance of his possession and enjoyment of his property has taken place within the year, and has caused him damages. The prayer of his petition is that the defendant be ordered to restore possession of the property to him, and for damages.

The defendant filed a motion for oyer of the deed referred to in the petition; over the objection of plaintiff, the court ordered the deed produced, and with reservation of his objection, the deed was produced and filed. Defendant then filed an exception of no cause or right of action, which exception was sustained and the suit dismissed. Plaintiff has appealed.

The trial judge did not give any written reasons for sustaining the exception. However, we gather from the briefs and argument of counsel that the exception was sustained for the reason that the deed shows that plaintiff acquired the property by deed dated October 7, 1939, and recorded on October 18, 1939, and the alleged disturbance having taken place in December following, the plaintiff could not have been in possession of the property for more than a year prior to the disturbance as provided for by the Code to sustain the possessory action, and for the further reason that a part of the land of which plaintiff claims to have been dispossessed was not covered by the deed.

For the purpose of a decision in this case, all well-pleaded facts are taken as being admitted.

Article 46 of the Code of Practice defines the possessory action as one which "may be brought by any possessor of a real estate, or of a real right, who is disturbed either in the possession of the estate or in the enjoyment of the right, against him who causes the disturbance, in order to be maintained in, or restored to the possession,.

Ellis & Bostick, of Amite, for appellant.

S. S. Reid, of Amite, for appellee.

**DORE, Judge.**

Plaintiff alleges that he is the owner and in the open, notorious, unequivocal and peaceable possession of 104.73 acres of land, more or less, in St. Helena Parish, which he acquired by sheriff's deed in the matter of the Succession of John W. Newsom, recorded in COB 33, page 221 of the records of the Parish of St. Helena, and known as the homestead of the said Newsom; that included in said home place was the land on which the dwelling house and barn were located, being in the northeast corner of the NE¼ of SW¼ of Sec. 6, T–2–S, R–5–E, and approximately 2½ to 3½ acres located in the northwest corner of the NW¼

whether he has been evicted or disturbed, provided his possession be accompanied by the qualifications hereafter required"; the qualifications thus referred to being prescribed by Article 47 et seq. as follows:

Article 47. The "possessors" entitled to bring the action are those "who possess as owners". Plaintiff alleges he and his authors in title have possessed the property as owners and fulfill this qualification.

Article 49. In order that such person may be entitled to bring the action, it is required: (1) that he should have had the actual possession of the property at the instant when the disturbance occurred; (2) that he should have had that possession, quietly and without interruption, by virtue of one of the titles prescribed in Article 47, for more than a year previous to his being disturbed, save in cases where he has been evicted by force or by fraud; (3) that he should have suffered a real disturbance "either in fact or in law"; (4) that he should have brought his suit, at the latest, within the year in which the disturbance occurred.

All of the qualifications thus required by Article 49 are admitted save that one under (2). The plaintiff acquired the property on October 18, 1939, and the disturbance occurred the latter part of December 1939. It is the contention of the defendant that plaintiff cannot tack on to his possession that of his vendors in title while the contra is contended by the plaintiff.

The defendant relies upon and cites the case of Thompson v. Whitbeck, 47 La.Ann. 49, 16 So. 570, as bearing out his contention. In that case, plaintiff, as adjudicatee at Sheriff's sale to foreclose a mortgage in which he was the mortgagee against a Mr. Ford, brought a petitory action against the defendants, Mrs. Whitbeck and her husband, to have himself declared to be the owner of the property in contest and as such to be sent into possession of the property. Mrs. Whitbeck defended the suit on the grounds: that she was in possession of the property as owner; that Ford never had the title or possession of the property; that the pretended title of Ford was a simulated one and had been so decreed, and that this decree was notice to all; that plaintiff did not acquire any rights to the property in the face of that decree; that thereby the plaintiff did not have title or possession of the property.

It appears from the reading of the decision that the plaintiff had instituted a possessory action prior to his bringing the petitory action, basing his demand upon the Sheriff's deed obtained by him in the foreclosure proceedings, which action was dismissed by the district court for the reason that plaintiff could not add the possession of Ford to make up the one year's possession essential to bring the possessory action. Plaintiff then resorted to the petitory action. The defendant then pleaded the judgment in the possessory action as res adjudicata. The Supreme Court held that the plea of res adjudicata was not well taken in that the judgment in the possessory action only determined that the plaintiff could not maintain the possessory action and left the plaintiff the right to bring the petitory action, which he did. The Supreme Court did not pass on the merits or correctness of the judgment but only as to the effect of the same. We are, therefore, of the opinion that this case is not apposite to the one at bar.

We find that it is now well established that the possessor, having all of the other requirements necessary for a possessory action, may add to his possession that of his authors in title in making up the required time of possession; and, furthermore, if the possession was begun by an actual and corporeal possession, it may be continued and preserved by a civil possession on the part of the owner or possessor and his authors in title. Taylor v. Telle, 45 La.Ann. 124, 12 So. 118; Handlin v. Weston Lbr. Company, 47 La.Ann. 401, 16 So. 955.

Where the possession is under a claim of ownership, the only purpose in referring to the deed by which the property was acquired is to show the nature and extent of the possession. The question of the title is not an issue. Kemper's Heirs v. Hulick, 16 La. 44. The prayer of a petition discloses the nature of the action. In this case, the prayer shows beyond a doubt that the action is a possessory one. It was not necessary for plaintiff to show his title and the trial judge erred in requiring plaintiff to produce his title. Hermitage Planting & Mfg. Co. v. Higgason, 46 La.Ann. 425, 14 So. 919; Williams et al. v. Harmanson, Agt. et al., 41 La.Ann. 702, 6 So. 604.

As plaintiff alleges that he and his authors in title have been in possession of the property as owner for more than thirty years, and as the question of title is

666

not at issue, the plaintiff has a right to show such facts, regardless of whether or not his title covers all of the property or only a part of it. If he and his authors in title were in possession as owner for the necessary time to support a possessory action, and he alleges that fact, the defendant cannot take advantage of any defects in the title to justify his disturbance. The defendant has another remedy to litigate the question of title.

For these reasons assigned, the judgment appealed from is annulled, reversed and set aside, and the exception of no cause or right of action is hereby overruled, and the cause is hereby remanded to the District Court for the Parish of St. Helena, there to be proceeded with in accordance with these views and in the manner provided for by law, the cost of this appeal to be paid by defendant-appellee, all other costs to await the final determination of the case.