This is a controversy between a judgment creditor, who has caused the seizure under writ of fieri facias of certain movable property found in the possession of the judgment debtor, and a third person who claims ownership of a portion of the seized property. From a judgment in favor of the intervenor and third opponent, the seizing creditor has appealed.
Malcolm J. Faber, engaged in business in New Orleans in the selling of poultry and eggs, having obtained a judgment of $274.85 against Frank Gondrella, caused the issuance of a writ of fieri facias under which the constable of the First City Court of New Orleans seized certain movable property found in Gondrella's place of business. Among the property was a quantity of poultry and eggs.
At this stage of the proceedings Boudreaux Ripp, a partnership, filed with the Constable an affidavit in which they claimed to be the owners of the said seized stock of poultry and eggs, and the said partnership then filed a petition of intervention and third opposition.
The intervening partnership made certain inconsistent allegations: First, it averred that it had sold the said poultry and eggs to Gondrella, and it followed this averment with a further and inconsistent one to the effect that it had placed the poultry and eggs with Gondrella on consignment and that it "was the true and lawful owner of the merchandise seized by the Constable of the First City Court." *West Page 246 
Then follows the averment that as a result of ownership "they have a lien and privilege" on the said property.
The intervening partnership further alleged that since the perishable property seized had been sold by agreement of all parties, it, "by reason of his lien and privilege on the said merchandise, is entitled to the proceeds of the said sale."
If there could be any doubt as to whether the claim is based on alleged ownership or on a vendor's lien, that doubt would be dispelled by a reading of the prayer in which the intervening partnership asks to be decreed "to be the owners of the said merchandise herein above seized and described."
The character of an action is fixed by the prayer of the petition. In Rudd v. Land Company, Inc., 188 La. 490,177 So. 583, 585, the Supreme Court said: "The character of plaintiff's action is fixed by the prayer of his petition." See also Annison v. Womack, La.App., 200 So. 663; Rainey v. McCrocklin, La.App., 185 So. 705; Bauer v. Gilmore, La.App., 165 So. 739.
Furthermore, while it may not be significant, we note that this intervention was presented by way of petition and citation, which under Article 398 of our Code of Practice is required where the claim is based on ownership, whereas had it been the intention to base it on the claim that a privilege existed under Article 401, it might have been brought by mere motion and notice.
When the intervention was called for trial, counsel for the seizing creditor called upon counsel for the intervenor to elect whether the intervening partnership would base its claim on the alleged ownership of the seized merchandise or on the vendor's lien resulting from the sale to Gondrella. The judge a quo refused to order counsel to elect, saying: "The Court believes under the decision in the case of Nicol vs. Jacoby, reported in the 157 Louisiana, [757, 103 So. 33] on a petition and prayer in the alternative, an election is not necessary * * *".
The evidence on behalf of intervenor was then introduced. It consisted of a statement by Gondrella to the effect that the seized poultry and eggs had been "purchased" by him from the intervening partnership, and a statement by one of the members of the partnership to the effect that the amount due was "for poultry and eggs purchased."
There was judgment for the intervenor maintaining the lien and privilege claimed, and ordering the Constable to pay over to it the sum of $268.78. It is from this judgment that Faber has appealed.
A reading of the petition of intervention discloses that it does not contain any alternative contention, but is based solely on the theory that it, the intervening partnership, delivered the merchandise to Gondrella on consignment and remained owner thereof. If this were the true fact, and if the evidence corroborated it, then the judgment might well have been rendered in favor of intervenor, not on the ground that the partnership, as vendor of the merchandise, was entitled to a lien, but on the ground that, as owner, it could claim the proceeds of its own property seized in the possession of the judgment debtor. But the evidence showed no such thing. It showed, without any contradiction, that the merchandise had been actually sold and delivered to Gondrella. Under the circumstances the intervening partnership no longer remained owner but was entitled, at best, to a lien and privilege as vendor, and, as we have said, it did not pray to be recognized as vendor but to be recognized as owner. The reference to the lien and privilege seems to result from the incorrect legal conclusion that the owner of an article seized in the possession of a third person has a lien and privilege on the said article. This, of course, is not true; either the owner is entitled to the possession of it, or he has sold the thing and is entitled to his lien on it. Here, then, as we have said, we find that the intervening partnership, which alleges that it is the owner of the things seized, has been granted a lien on those things, or rather on the proceeds of the sale of those things.
As we have said, this appears to us to be a suit based on alleged ownership, and there is no alternative prayer for a lien resulting from an alleged sale. The sole question presented was whether the intervenor had retained ownership of the merchandise when it delivered it to Gondrella, and the proof shows that it had not.
The judgment appealed from is annulled, avoided and reversed, and the intervention is dismissed at the cost of intervenor.
Judgment reversed. *West Page 247