LE BLANC, Justice.
On October 27, 1952, La Terre Co., Inc. filed suit bearing docket No. 15,000 of the District Court of Terrebonne Parish against Adam Wilfred Naquin and certain other parties. The suit was instituted under the Declaratory Judgments Act of Louisiana, LSA-R.S. 13:4231 et seq., and in it they claimed the ownership of a large area of land situated in Terrebonne Parish. The claim of ownership is made through mesne conveyances from the State of Louisiana and also through the acquisitive prescription of ten years.
In its petition the plaintiff alleged that the defendants are claiming to be the owners of the said property and have caused to be recorded a pretended deed purporting to convey to them an interest in a portion of it and that as both are claiming owner *213 ship, an actual controversy exists between them with respect to which a declaratory judgment may be rendered.
On November 8, 1952, Adam Wilfred Naquin, Lodgar J. Duet, Hilary J. Gaudin and Felicient Duet, the defendants in suit No. 15,000, filed a suit bearing No'. 15,017 of the docket of the District Court in Terrebonne Parish, against La Terre Co., Inc., plaintiff in suit No. 15,000 and certain other parties, alleging that Adam Wilfred Na-quin, their author in title, is now, and has been for more than thirty years, in the actual, physical, open, notorious, unequivocal, uninterrupted, continuous, quiet, peaceable and public possession as owner of the certain described property; that said possession of the property has consisted of living on same and occupying it as a home, and by cultivating, using, farming, pasturing and trapping thereon; that defendants, La Terre Co., Inc., and others, are slandering the title of said petitioners by claiming they owned the property and by making purported conveyances, and recording same; that these illegal claims have damaged petitioners in their quiet and peaceful possession of said property, requiring expenditures of $85,000 to protect and prove their possession; that certain of the defendants have drilled oil wells on said property over the objections of Adam W. Naquin, and unless an injunction is granted, petitioners will suffer irreparable injury and therefore a preliminary injunction should issue to protect plaintiffs’ rights in the premises.
The plaintiffs prayed that the defendants, La Terre Co'. Inc., and others, be or? dered to bring proper proceedings, within a delay to be fixed by the Court, to assert any right, title or interest they may claim in and to said property; that on their failure to bring proper proceedings within the delay fixed they be decreed forever barred from setting up any claims against said property; that, also in the event of their failure to bring the action, their recorded claims be cancelled from the conveyance records of Terrebonne Parish; that they be condemned to pay damages of $85,-000 and lastly that they be ordered to show cause why a preliminary injunction should not issue enjoining them from interfering with their possession of the said property.
On November 12, 1952, Adam W. Na-quin, and the other parties who were made defendants in suit No. 15,000, filed exceptions in that suit attacking the form of plaintiff’s action by contending that the suit for a declaration of ownership has no basis in the law of Louisiana, is unknown, unauthorized, and unwarranted, and is an attempt to circumvent the rules relating to real actions; that this form of action deprives defendants of benefiting from-the rights vested in them under the Louisiana real action system, by virtue of their possession. These exceptions were referred to the merits by the trial judge. The defend; ants took exception to this ruling and applied to this Court for writs of certiorari, prohibition, and mandamus. • The writs *215 were refused on October 27, 1953, see our docket No. 41,526, on the ground that defendants had an adequate remedy by appeal in case of an adverse judgment.
On November 3, 1953, Adam W. Naquin and the other parties who had been made defendants filed an exception in which it is averred that the plaintiff, La Terre Co. Inc., failed to allege sufficient possession of the property involved to institute and prosecute this jactitory and slander of title action; that in the alternative, plaintiff lacks sufficient possession of the property to institute and prosecute such an action and that this exception, based on these grounds, must be heard, tried and decided in limine litis, all in accordance with the provisions of LSA-R.S. 13:5063, 5064. On the same date, defendants also filed a motion to consolidate suits Nos. 15,000 and 15,017, as involving the same issues of law and fact and the same parties.
On November 27, 1953, the trial judge referred the exception of insufficient possession to the merits and he also' denied the motion for consolidation as he found that the property involved in suit No. 15,017 was not the same as that involved in suit No. 15,000.
On December 2, 1953, application for writs of certiorari, prohibition and mandamus was made to this Court by the defendants Adam W. Naquin and others in suit No. 15,000, alleging that the effect of the trial judge’s rulings on the exception filed by them could cause them irreparable injury by forcing them to go through an unauthorized and unwarranted type of trial in which they would lose their substantive rights acquired by virtue of LSA-R.S. 13 :- 5063-5064, that is, the right to have the question of possession tried and decided in limine litis in an action in jactitation; that the trial judge’s ruling on the motion to consolidate will cause them to try two suits although both involve the same parties; that they have no right of appeal from the rulings. The writs were granted. See o-ur Docket No. 41,586.
On February 3, 1953, La Terre Co., Inc., defendant in suit No. 15,017, filed an exception, first to the effect that the pendency of suit No. 15,000 precludes the further prosecution of that action, and secondly, that plaintiffs, in suit No. 15,017, lack sufficient possession of the property involved therein to institute and prosecute their action.
On November 3, 1953, plaintiffs in suit No. 15,017, filed the same motion to consolidate as they had filed as defendants in suit No. 15,000.
On November 27, 1953, the trial judge denied the motion to consolidate for the same reason he had denied a similar motion in suit No'. 15,000, and he also granted the relief asked for by La Terre Co. Inc., in its exception, that is, a stay order in suit No. 15,017, during the pendency of suit No. 15,000.
On December 2, 1953, Adam W. Naquin and the others, plaintiffs in suit Nov 15,017 *217 applied to this Court to review the trial judge’s ruling on the motion for consolidation and the motion to stay proceedings in suit No. 15,017. The applicants made the same allegations of irreparable injury and no right of appeal contending further that they are losing their possessory rights and the legal presumptions attached thereto. Writs of certiorari, prohibition and mandamus were granted. Our Docket No. 41,-587.
We have therefore before us two separate writs to consider and though they were filed in two separate suits we find that the issues presented in both are so interwoven they can be discussed and disposed of in a single opinion with a separate decree being rendered in each case.
The question of whether plaintiff’s form of action in suit No. 15,000 is unknown, unwarranted and unauthorized, and the question also of irreparable injury to the •defendants in that suit, if plaintiff is allowed to proceed under the Declaratory Judgments Act, is again strongly urged and pressed, but that issue was foreclosed, for the present, by this Court when it denied defendants’ application for writs of certiorari, prohibition and mandamus on October 27, 1953. Our docket No. 41,526. The Per Curiam by which the writs were denied specifically states:
“Writs refused. The rights which applicants claim they may lose, by virtue of the trial judge’s ruling in referring to the merits their exceptions to the form of procedure taken by the plaintiff in this case, can be adequately reviewed and protected by an appeal in case of an adverse judgment.”
The defendants’ exceptions filed in suit No. 15,000 based on insufficient possession in plaintiff in said suit to bring a jactitory action, and the demand of the defendants that this exception be tried in limine litis are predicated upon plaintiff’s form of action being, as they contend, one in jactitation or for slander of title. They stated in their application for writs that they were assuming that this Court’s denial of writs on October 27, 1953 was due to the fact that this Court found plaintiff’s action to be one in jactitation. That was not so however, and there is nothing in the Per Curiam, which we have just quoted to imply that it was. If plaintiff’s action in that suit is not one in jactitation, then defendants’ exception of insufficient possession is without merit.
A jactitation suit is a creature of our jurisprudence; “a child of necessity” as it has sometimes been referred to in some of the cases. It is an action by which a plaintiff, who is in actual possession as owner, seeks to protect his possession against another who, he alleges, is slandering his title. The latest decision by this Court on the subj ect, and the obj ect which the action is meant to accomplish, is stated in Ware v. Baucum, 221 La. 259, 59 So.2d 182, 185, wherein the Court, speaking through Justice Hamiter, stated:
“The object of the action is to protect possession, not to establish title; *219 and the relief sought therein is that defendant be ordered to bring suit to establish his pretentions, pay damages for the slander, and that the plaintiff be quieted in his possession. Unless the defendant in his answer chooses to tender the issue of title, an issue of that kind cannot be decided; the only possible issues determinable are the possession of plaintiff and the slander by the defendant.” (Emphasis supplied.)
A reading of plaintiff, La Terre’s petition in suit No. 15,000 makes it manifest that the action is not one in jactitation. The allegation made is one of ownership of the property involved by reason of it having acquired title thereto by mesne conveyances from the State of Louisiana as evidenced by various instruments set forth on a list which is attached to and identified with the petition. To further bolster its title, plaintiff alleged that it also acquired the ownership of the property “as a consequence of” the possession which it and its predecessors in title of said property and other contiguous tracts have had under muniments of title, in good faith for more than ten years and under which it pleads a title by the acquisitive presecription under Article 3478, LSA-C.C.
The prayer of plaintiff’s petition is that “a declaratory judgment be rendered herein” decreeing it to be the owner of the property and further that all instruments recorded by the defendants be ordered can-celled and erased from the public records of Terrebonne Parish.
Plaintiff does not allege that it wants to be protected in any possession it may have, nor does it pray to be quieted in possession. It does not call on the defendants to bring suit to establish their pretensions nor does it seek to have them pay damages for any alleged slander. These are all earmarks of the jactitory action and they are all lacking in plaintiff La Terre’s suit. Therefore, regardless of what the nature of that suit is, or of the form of procedure adopted by the plaintiff therein (matters which we are not called on to decide at this time), it is obvious that the action is not one in jactitation. The earnest contention on behalf of defendants that the plea of insufficient possession should have been tried in limine is predicated on the action being jactitory in nature. Since we hold that it is not it follows that the defendants had no right to insist upon its trial in limine and the trial judge’s ruling in referring it to the merits will not be disturbed at this time.
The conclusion we have reached with regard to the writ granted in suit No. 15,000 would seem to dispose also of the writ granted in suit No. 15,017 in which the trial judge’s order staying further proceedings in the latter suit is contested by the plaintiffs therein, as that suit is bound to stand or fall by a decision in suit No. 15,000. It also disposes of the writ granted on their contesting the Judge’s denial of their motion to-consolidate both suits. In suit No. 15,000 it is title and not possession which is at issue whereas in suit No. 15,017 the issue is one of possession and not of title.
*221 The writs and stay orders granted in both cases will have to be recalled by a separate decree rendered in each case.
For the reasons assigned it is now ordered that the writ of certiorari together with the stay order granted in No. 41,586 of the docket of this Court be and they are hereby recalled, vacated and set aside at the costs of the applicants therein.