■AYRES, Judge.
'This is an action in jactitation or slander of title. Plaintiff prosecutes an appeal from a judgment sustaining an exception of no cause and of no right of action and dismissing his suit.
The law is that, upon the considera-' tion of an exception of this type, the allegations of plaintiff’s petition are, for the pur *558 pose, taken and accepted as true. A review of the allegations of plaintiff’s peti-' tion is, therefore, a prerequisite to a determination of the issues involved.
Plaintiff alleges that he is the true and lawful owner and is in actual physical possession of his home, situated on a parcel or tract of ground approximately 150 feet square located between a projected extension of Crockett and Cotton Streets in Shreveport, Caddo' Parish, Louisiana, fronting Red River, upon which he has maintained his home continuously for a period exceeding 27 years, during all of which time he has had actual physical, peaceful possession.
He further alleges that the defendant, a municipal corporation, is slandering the title of petitioner’s property by claiming to be the owner thereof and by having served upon petitioner an order to remove and/or demolish his home situated upon said lands and to vacate the same. Attached to and made .a part of plaintiff’s petition is the order referred to, which recites that plaintiff’s house is located upon property generally known as “The Batture”, which is public property and which is owned by the defendant, the City of Shreveport. It is therein recited that, effective June 1, 1957, this property would be utilized for public municipal purposes and that, accordingly, notice was given that such public lands be vacated and that plaintiff’s house and all other property owned by him and situated thereon be either removed therefrom or demolished by him not later than the aforesaid date.
It is, therefore, noted in plaintiff’s pleadings and the document aforesaid attached thereto that plaintiff does not claim either title or possession of the lands upon which his house stands, but admits therein, as well as in oral argument and in brief, that the defendant is the owner of said lands and that the defendant makes no claim to plaintiff’s house. The demand was simply that plaintiff remove his house from land admittedly owned ■ by the defendant as public property.
 In an action of slander of title, where defendant fails to tender an issue of title, title or ownership is not an issue for determination. The only issues are the possession of plaintiff and the slander by defendant.
Siegel v. Helis, 186 La. 506, 172 So. 768; Rudd v. Land Co., Inc., 188 La. 490, 177 So. 583; Ware v. Baucum, 221 La. 259, 59 So. 2d 182; La Terre Co., Inc., v. Naquin, 225 La. 210, 72 So.2d 481.
However, inasmuch as defendant has not tendered by exceptions filed in limine litis the lack or insufficiency of plaintiff’s possession or of his failure to allege sufficient possession of the property involved to institute and prosecute this action, such possible defense has been waived and there remains for determination only the sufficiency of plaintiff’s allegations as to defendant’s slander of plaintiff’s possession. LSA-R.S. 13:5063.
It is, therefore, observed from' plaintiff’s allegations that the only property claimed to be owned by him and against which the alleged slander was made is-plaintiff’s home. The order attached to and made a part of plaintiff’s petition not only fails to show that defendant claims either ownership, title or possession of plaintiff’s home, but, on the contrary, plaintiff’s ownership and right to possession thereof is. recognized. We are unable to perceive wherein a request of one to remove his-home or house from public property would constitute a slander of his title or affect his possession thereof.
 In passing, it may be appropriate to observe that an action of jactitation or slander of title pertains to immovables, and is characterized as a real action. Therefore, it might well be questioned whether or not this action involving the-possession of plaintiff’s house erected upon, public property constitutes such an immovable as would make applicable this-form of action. That the house has not become an immovable by destination is obvious. ’ '
*559 Edwards v. S. & R. Gas Co., Inc., La. App., 73 So.2d 590, and the authorities therein cited.
The conclusion necessarily follows that, in our opinion, plaintiff’s petition fails to allege acts upon the part of the defendant that would in anywise constitute slander of plaintiff’s house or his possession thereof.
Accordingly, the judgment sustaining the •exception of no cause and of no right of ■action is affirmed at appellant’s cost.
Affirmed.