## No. 13,750

### Orleans

---

## SUBDIVISION REALTY CO., INC., v. WOULFE

---

(June 8, 1931. Opinion and Decree.)
(July 20, 1931. Rehearing Refused.)
(October 6, 1931. Writs of Certiorari and Review Refused by Supreme Court.)

---

R. J. Weinmann, of New Orleans, attorney for plaintiff, appellant.

Bond, Curtis, Hall & Foster and Arthur M. Curtis, of New Orleans, attorneys for defendant, appellee.

HIGGINS, J. The plaintiff brings this action against the defendant on a written contract or bond for deed for the sale of real estate and fourteen notes, maturing monthly, given as a part of the purchase price for the property. The petition alleges the contract was entered into on August 15, 1927, under the terms of which defendant agreed to purchase certain lots of ground for the sum of $600, represented by a cash payment of $60 and thirty promissory notes of $18 each, payable monthly; that the defendant made the initial cash payment of $60 and also paid sixteen of the notes, but failed to pay the remaining fourteen, which had all matured and were unpaid notwithstanding amicable demand; that plaintiff was ready and willing to convey to the defendant a warranted title to the property free of incumbrances, upon completing the payment of the fourteen notes sued upon.

The defendant, in his answer, admits the execution of the agreement, but avers that the contract, or bond for deed for the sale of the real estate was, in accordance with its own terms, canceled by virtue of a letter of the plaintiff dated May 7, 1930, and a letter of the defendant in reply thereto dated June 6, 1930, and that, therefore, the notes being sued upon are without consideration and should be returned to the defendant. Defendant also, in reconvention, seeks to recover from the plaintiff the $60 cash payment and the amount of the sixteen notes which he paid on account of the purchase price of the property, setting up in his claim in reconvention that the contract, or bond for deed, having been canceled by plaintiff on May 7, 1930, the plaintiff could not retain the land and also the payments on account of the purchase price made by defendant, because the law of Louisiana does not sanction the payment of punitive or exemplary damages.

The case was tried solely upon exhibits consisting of the contract, or bond for deed, the letter of the plaintiff of May 7, 1930, and the reply of the defendant thereto of June 6, 1930, and also a letter of plaintiff to defendant dated June 11, 1930.

There was judgment for defendant dismissing the plaintiff's suit and awarding to defendant, as plaintiff in reconvention, a sum equal to the amount paid by him on account of the purchase price of the land. Plaintiff has appealed.

The pertinent portion of plaintiff's letter dated May 7, 1930, reads as follows:

"Mr. James J. Woulfe, 2658 Canal St., New Orleans, La.

"Dear Sir: On August 15th, 1927, under bond for deed No. 24 you agreed to purchase from the Subdivision Realty Co., Inc., Lots Nos. 1 and 38 of Square No. 5 in Pine Crest Subdivision, Slidell, La., making at that time a ten per cent payment and agreeing to pay a certain proportion of the purchase price each month.

"Only thirteen payments have been made by you on this contract and you have failed to comply with the conditions of the same. Your attention is directed to the following paragraph in the contract:

" 'It is mutually agreed that should the purchaser fail to make any of the payments herebefore specified, the whole amount remaining unpaid shall at once become due and payable, and at the option of the seller may either be recovered in any proper action on said note or notes, or the note or notes may be returned to the Purchaser, and all payments previously made shall be forfeited to the Seller as liquidated damages for the failure to make such pay-

ments in whole or in part, and all payments that may have been made previously to such default shall be forfeited to the Seller as liquidated damages, notwithstanding the partial performance of this agreement by the Purchaser, the Purchaser hereby waiving all demands and formal putting in default. Thirty days written notice of such action on the part of the Seller · to be granted to the Purchaser, such written notices to be by registered mail to the address of the Purchaser which for the purpose of this contract is declared to be 2658 Canal St.'

"This letter is written you as a final thirty days notice of cancellation of said contract provided you have not complied with its conditions within that time. In the event you have not done so, the Company will retain payments made as liquidated damages in accordance with the terms of the contract as (and) cancel same.

"After that time unless such adjustment is made, we will be free to sell the property to other persons without any further notice to you; please be advised accordingly."

The relevant part of the defendant's letter of June 6, 1930, written by his attorney in response to the above letter, reads as follows:

"Subdivision Realty Co., Inc., 510 American Bank Bldg., New Orleans, La. Attention Mr. Frank C. Codifer.

"Dear Sir:

&ast; &ast; &ast; &ast;

"The paragraph contained in said purported Bond for Deed, and quoted in your letter which apparently gives to the vendor the right to cancel the agreement and retain as liquidated damages installments already paid, is null and void because not warranted in law, and is arbitrary, unreasonable and without consideration. It was so held in the case of Heeb et uxor vs. Codifer & Bonnabel, Inc. (of which decision you are, no doubt, fully cognizant), decided by the Supreme Court of Louisiana, October 5, 1926, and reported in the 162d Louisiana Reports, at page 139.

"As you have absolutely no right, legal or moral, to retain as liquidated damages the amounts paid in as a down payment and in installments, we hereby, on our client's behalf, make formal demand upon you to return all amounts so paid in by him, as well as the unpaid notes which you also hold."

The reply of plaintiff under date of June 11, 1930, to defendant's letter of June 6, 1930, is as follows:

"Under date of May 7, 1930, the Subdivision Realty Company, Inc., wrote you advising that your contract of August 15, 1927, for the purchase of lots 1 and 38 in Square 5, Pine Crest Subdivision, would be cancelled in thirty days and payments made forfeited as liquidated damages unless the outstanding notes were paid by you.

"This letter inadvertently stated that cancellation of the contract would follow as it has been and is the intention of the Subdivision Realty Company, Inc., to hold you to the fulfillment of your contract of August 15, 1927, and to the payments of fourteen remaining notes of $18.00 each, now being held by Codifer Development Company, Inc., as agents for the Subdivision Realty Company, Inc.

"You are hereby advised that the Subdivision Realty Company, Inc., makes demand on you for the payment of the said notes in principal and interest and that the Company is ready to convey a good and warrantable title to you to lots 1 and 38 in Square 5, Pine Crest Subdivision, upon said payment of remaining notes being made, failing which necessary steps will be taken to enforce collection of the said notes and the execution of the contract."

From these documents we note that the facts of the instant case are identical with those in the case of Heeb et ux. v. Codifer & Bonnabel, Inc., 162 La. 139, 110 So. 178. In both cases there is involved a bond for deed or contract for the sale of real estate on an installment basis. The contracts contained the same cancellation and forfeiture clauses. In each case the purchaser defaulted by failing to pay the

notes or installments as they matured. The seller in both instances invoked the cancellation and forfeiture clause against the purchaser. The purchaser in each case contended that while the seller had the right to cancel the contract because the purchaser had breached it by non-compliance with the provision concerning payment of installments promptly, the forfeiture clause was not valid and enforceable because it was a stipulation for punitive or exemplary damages.

But, says counsel for plaintiff, the above authority is not controlling in the instant case because the plaintiff's letter of May 7th was nothing but a collection letter and was not to be construed as a cancellation of the contract. A careful reading of the letter convinces us that it was the intention of the plaintiff to cancel the contract and the letter does not in any way indicate that the plaintiff desired the contract to remain in effect. The mere fact that the notes were not returned in connection with this letter is, we believe, of no moment, because the letter very plainly states that the cancellation clause of the contract was being invoked by the plaintiff against the defendant. The delivery or return of the notes would merely follow as an incident after the expiration of the thirty-day period.

The second argument of counsel for plaintiff is that the rescission of a contract cannot be partial and where the alleged rescission is coupled with a forfeiture admittedly void it is without force or effect, citing Ruling Case Law, Vol. 6, page 936, Verbo "Contracts." The authority cited is not in point for the reason that it covers cases where a party is attempting to retain a portion of the benefits of a contract, while seeking to have it rescinded. Such is not the case here.

As we view the contract in the present case, the plaintiff had the option at the time that the defendant breached it to enforce payment of the balance of the purchase price as represented by the notes, or to cancel the contract. The plaintiff's letter of May 7th and the reply of defendant of June 6th clearly indicate to our mind that the plaintiff exercised the option of cancellation and that the defendant acceded to the cancellation, but protested against the forfeiture of the payments as liquidated damages. The plaintiff, then, in its letter of June 11th advises that it was through inadvertence that the letter of May 7th stated that the contract was cancelled in accordance with its provisions, as plaintiff intended to hold the defendant to the agreement.

The question of error of law or fact on the part of plaintiff was not raised by either party to the suit, but we observe that, whether it be an error of law or fact is immaterial, since Mr. Codifer, the president of the plaintiff corporation, was an interested party in the case of Heeb et ux. v. Codifer & Bonnabel, Inc., supra, decided by the Supreme Court on October 5, 1926, and consequently, at the time of the writing of the letter of May 7, 1930, knew of the decision of the Supreme Court that the forfeiture clause was null and void.

The plaintiff, having exercised the option to cancel the contract, which was acceded to by defendant, cannot thereafter change its position and in a subsequent proceeding ask for the enforcement of a contract which it had previously canceled in accordance with its provisions. The case of Heeb et ux. v. Codifer & Bonnabel, Inc., supra, is decisive of the issues presented here.

For the reasons assigned, the judgment is affirmed.