CHAUVIN v. THERIOT.

No. 1854.

Court of Appeal of Louisiana. First Circuit.

May 5, 1938.

balance on or before the 9th day of each succeeding month, at the rate of $15.00 per month, with interest on all unpaid amounts at rate of 6% per annum from date, interest to accumulate and be paid at above monthly rate after all regular payments are made, interest reducible as principal is reduced.

"This agreement is made not only on the conditions which precede and follow this clause but on the following conditions:

"The failure of the purchaser to make the payments hereinabove stipulated promptly when due, shall ipso facto without demand or putting in default, nullify and abrogate this contract. In that event all sums paid to the vendor is hereby given the right and privilege to treat the said monthly payments as made, either as earnest money, or for an option on said property, the said option to continue as long as said payments are made and the said option to cease and terminate on non-payment of any one of said payments. If, on the other hand the said payments are promptly made in accordance with the terms of this contract, then they shall be considered as having been paid on account of the purchase price.

"Failure to make first monthly payment on or before due date, second monthly payment within 20 days after due date, without written extension, shall operate as default herein and I waive all notice and putting in default."

The contract then provides that the same shall not be recorded in the conveyance office for the parish; and that defendant, vendor, shall, at his option, have the right to issue title to the property and take notes in payment of balance unpaid after the third monthly payment shall be made. The contract is signed by plaintiff as the purchaser and defendant as vendor.

. Plaintiff alleges that the lot of ground was unimproved and had no buildings or other structure on it; that he had paid eight monthly installments, together with the initial payment of $20, the last payment being made in August, 1930, a total of $140; that without suing for a rescission of said contract of sale, or putting him in default in any manner, the defendant, on March 6, 1935, sold the lot to a third person for the sum of $125; that he never had had possession of the property, and that the title and possession of the property had remained in the defendant up to the time of sale to the third person; that

Elton A. Darsey, of Houma, for appellant.

Adrian J. Caillouet, of Houma, for appellee.

DORE, Judge.

On December 9, 1929, the plaintiff and defendant entered into the following agreement:

"I hereby agree to purchase from F. P. Theriot for the price of Three Hundred Dollars, the following described property: Lot No. 21 in Square No.    in the Wright Place tract or subdivision of        Parish, La., as shown on F. P. Theriot, Official Map.

"I agree to pay the said amount in equal monthly payments, beginning this day with a cash deposit of $20.00 receipt of which is hereby acknowledged, and the

by selling the lot, the defendant had placed himself beyond complying with the contract, and actively violated the same. He prays for judgment for the amount of $140, with legal interest from March 6, 1936, until paid.

In his answer, defendant admits that the lot of ground was unimproved, with no buildings or other structures on it; admits the payment of $140 as alleged; admits that plaintiff was never in possession, and that the title and possession always remained in him until he sold it. Defendant admits that, without suing for rescission or putting plaintiff in default, he sold the lot, but contends that he was not legally required to do so; he further contends that he exercised his privilege of annulling the contract and considered the payment made by plaintiff as an option to buy, and that, since the option had expired for more than four years, he was under no legal obligation to plaintiff thereafter and that he was justified in retaining the amount paid. In the alternative and in reconvention, he avers that, after the lapse of more than four years from the default and annulment of the contract, he sold said property to a third person for $125, from which he paid a commission of $12.50, leaving a net of $112.50; that he paid the taxes on said lot from the date of default, amounting in all to the sum of $20, and that interest had accrued on the payments in the sum of $41.48. Defendant first prayed for the dismissal of plaintiff's suit, and in the alternative and in case the court should hold that he was liable for the return to plaintiff of the $140 paid on the contract, then that he have judgment in reconvention against plaintiff for the balance due on the lot, interest, and taxes, amounting to $108.98.

Judgment was rendered in favor of defendant rejecting plaintiff's demand. The plaintiff has appealed.

█ Under the defense urged by defendant, it becomes necessary for us to determine the character of this contract.

Under the plain provisions of article 2462 of the Civil Code the contract entered into by plaintiff and defendant was a contract of sale. There were present all the essentials of an agreement to sell—the consent of both parties, the thing to be sold, and the price and terms of the sale. The provision in the contract giving the vendor the right to consider the payments as an option on the part of the purchaser to purchase the property so long as the payments were made is inconsistent with the agreement to sell. Whenever the optionee exercises his right to purchase and agrees to buy on specific terms and for a fixed price, the option becomes merged into the contract of sale. Moresi v. Burleigh et al., 170 La. 270, 127 So. 624.

█ This contract must be considered as a contract of sale and not an option to purchase. The lot was vacant and had no rental value, besides it was consistently in the possession of the vendor. The plaintiff owed defendant a certain and specific sum of money, on which he made certain payments. The contract fixed the rate of interest at 6 per cent. for delay in the payment of the balance. The parties had a right to agree on the price of the lot, the terms of payment, and the interest to be paid on the balance due. But that provision in the contract whereby all the payments made by the purchaser were to be forfeited to the seller, upon the default of the purchaser, and the lot sold was to be retained by the seller, was in the nature of a penalty for the nonpayment of money, in excess of the rate of interest allowed by law, and was therefore unwarranted, arbitrary, unreasonable, and without consideration. Heeb v. Codifer & Bonnabel, Inc., 162 La. 139, 110 So. 178.

█ Under the contention of the defendant, and the evidence herein, that he exercised his privilege granted him of annulling and abrogating the contract upon the failure of plaintiff in making any further payment thereon after August 9, 1930, and that he considered from then on that the contract was no longer in effect, the defendant retained the title and possession of the lot and it therefore follows that the decrease in value, if any, and the payment of taxes fell upon him and not upon the plaintiff. He therefore cannot recover under his reconventional demand.

█ Under the authority of Heeb v. Codifer & Bonnabel, Inc., supra, and Subdivision Realty Co., Inc., v. Woulfe, 17 La.App. 446, 135 So. 71, plaintiff is entitled to recover the amount which he had paid up to the time he defaulted in his payment, and the reconventional demand will be dismissed.

For these reasons, it is ordered that the judgment appealed from be annulled, reversed, and set aside; and it is ordered, adjudged, and decreed that there be judg-

ment herein in favor of plaintiff and against the defendant in the full sum of $140, with legal interest thereon from judicial demand, until paid; and it is further ordered that the reconventional demand of defendant be and the same is hereby denied; all costs to be borne by defendant herein.