## RAINEY v. McCROCKLIN.*
### No. 17096.

Court of Appeal of Louisiana.   Orleans.
Jan. 23, 1939.

John H. Hammel, Jr., of New Orleans, for appellant.

Baldwin, Haspel & Molony and Robert R. Rainold, all of New Orleans, for appellee.

McCALEB, Judge.

This is a proceeding wherein the plaintiff, a colored man, seeks to have annulled and set aside a contract for the purchase of certain real estate situated in the City of New Orleans and also to have restitution of the sum of $261 paid by him to the defendant on account of the purchase price. He alleges that on March 1, 1931, he agreed in writing to purchase from the defendant the property described as Lot No. 11 of Square No. 2669 in the Second District for the sum of $800, payable in monthly instalments of $5 with 8% interest on all deferred payments; that, in accordance with the agreement, he made in initial $10 payment to defendant and that, thereafter, he paid the stipulated $5 per month until July 1935 when he defaulted. He charges that the contract is null and void because the defendant was not, at the time of its execution or thereafter, the

owner of the property sought to be conveyed and further claims that the latter fraudulently induced him to enter into the engagement by leading him to believe that, by payment of $5 per month on account of the purchase price, he would liquidate the same in due course, whereas, in truth, because of the provision in the contract for 8% interest on deferred payments, he could never acquire the property since the monthly payments were not even adequate to meet the interest falling due and were not being applied towards the reduction of the principal.

The defendant appeared and filed an exception of no right or cause of action which was overruled. Thereafter, he answered and admitted all of the material facts contained in plaintiff's petition concerning the contract between the parties. He set forth, however, that he was the lawful owner of the property and denied that he had fraudulently induced the plaintiff to make the agreement. He further charged, by way of reconvention, that the plaintiff, soon after the contract was made, entered upon the premises and tore down a dwelling house located thereon which was well worth the sum of $300 and that he was entitled to recover from plaintiff the value thereof less the $261 paid by plaintiff on account of the purchase price of the lot, or a balance of $39. The prayer of the answer is couched in the following language:

"Wherefore, the premises, the answers and the annexed documents, considered, defendant prays that there be judgment in favor of defendant and against Oscar J. D. Rainey dismissing plaintiff's suit at his cost and further decreeing that the payments made on the contract of purchase by plaintiff be considered in part payment of the damages done by plaintiff to defendant in the demolishing by plaintiff of the house on the aforementioned described lot and decreeing that plaintiff is due defendant $39.00, the value of the house torn down and carried away by plaintiff, and $261.00 paid by plaintiff, together with interest at 8% from March 1st, 1931 to the dates of payment of the installments on those installments, and from March 1st, 1931 until paid on the balance of $39.00 due."

After a trial on the merits of the case, the court below granted judgment in plaintiff's favor as prayed for and denied the defendant's asserted right to a credit for the alleged destruction by plaintiff of his house. Defendant has appealed from the adverse decision.

Much confusion has arisen between the parties litigant with respect to the interpretation to be given to the prayer contained in defendant's answer. The pleading, to put it mildly, is not artistically stated and, in fairness to defendant's present counsel, we note that it was not drawn by him.

It is the contention of plaintiff that the prayer of the answer exhibits that defendant has conceded his right to judgment on the main demand and that the only issue in contest is whether the defendant was entitled to the offset claimed under his alleged reconventional demand. On the other hand, counsel for the defendant proclaims that, inasmuch as the answer prays for a dismissal of plaintiff's suit and whereas defendant denies, in the body of his pleading, that the agreement of sale is null and void, it was incumbent upon plaintiff to make full proof of the causes alleged by him for the annullment of the contract.

It is well settled in this state that the character of an action is fixed by the prayer of the petition and that, in like manner, the nature of the relief sought by the defendant is determined by the prayer of the answer. See Rudd v. Land Co., 188 La. 490, 177 So. 583. By applying this rule in considering the answer, it is manifest that, while the defendant prays for the dismissal of plaintiff's suit, the real relief sought is for the allowance, as an offset against plaintiff's claim, of the amount which he charges is due to him for the value of the house situated on his land which was demolished by plaintiff. While the prayer is not as explicit as it might have been, it plainly discloses that all that the defendant ultimately desires is a judgment in his favor for $39 which is calculated by deducting the $261 paid by plaintiff from $300, the alleged value of the dwelling. As this is the only relief prayed for, we hold that the sole issue raised by defendant's pleading is whether he is entitled to recover the value of the house which plaintiff allegedly converted.

Aside from this, however, even though we felt that defendant's pleading could be considered as putting at issue the validity of the promise of sale, a mere

reading of the contract is ample proof of its nullity. It provides, in part, as follows:

"It is agreed and understood between the parties hereto, that if the balance, mentioned above, is not paid within the period mentioned above, the amount, which is paid this day, on account, *is to be forfeited as liquidated damages* and the agreement signed this day, to buy the above indicated lots, *shall become null and void and of no effect whatsoever."* (Italics ours)

It will be seen from the foregoing that the default by the purchaser of the payment of any instalment falling due operates ipso facto as a cancellation of the agreement and that, without any action on the part of the seller, the contract is rendered void. Since plaintiff has admittedly failed to carry out the agreement, it terminated and became ineffective on the day of his default. In addition to this, plaintiff is entitled to the return of all monies paid on account of the purchase price of the property for it is the established jurisprudence of this state that stipulations in promises of sale providing for the forfeiture of amounts paid on account thereof as liquidated damages are void and unenforcible. See Heeb v. Codifer & Bonnabel, Inc., 162 La. 139, 110 So. 178, Subdivision Realty Co., Inc. v. Woulfe, 17 La.App. 446, 135 So. 71, and Ekman v. Valléry, 185 La. 488, 169 So. 521.

The only other issue involved is whether the defendant has been damaged by plaintiff's act in tearing down the alleged dwelling situated upon the premises. The evidence on this point is overwhelming to the effect that the so-called edifice was nothing more than the crudest sort of a shack which was absolutely valueless. Plaintiff testified that, when he made the agreement to purchase the property, the defendant authorized him to demolish this dilapidated hovel and remove it from the premises. His statement is not denied by defendant. In fact, the latter did not offer any proof whatsoever in support of his claim.

We readily concur in the ruling of our brother below on the main issue of the case but we find that he erred in allowing plaintiff 8% interest on the judgment rendered against the defendant instead of the legal rate.

For the reasons assigned, the judgment appealed from is amended by reducing the rate of interest granted to the plaintiff by the district court from 8% to 5% and, as thus amended, it is affirmed. Defendant to pay all costs.

Amended and affirmed.