449 So.2d 1195 (1984)
Lassiter A. MASON, Jr., et ux., Plaintiffs-Appellees,
v.
David Arthur COEN, Defendant-Appellant.
No. 16235-CA.
Court of Appeal of Louisiana, Second Circuit.
April 30, 1984.
*1197 Donald R. Miller, Shreveport, for defendant-appellant.
Love, Rigby, Dehan, Love & McDaniel by J. Philip Goode, Jr., Shreveport, for plaintiffs-appellees.
Before PRICE and HALL, JJ., and McCLENDON, Judge Pro Tem.
HALL, Judge.
This suit arises out of an agreement between the parties whereby the Masons agreed to sell a residence to Coen and to lease the residence to Coen for one year pending closing of the sale. When Coen failed to pay the monthly rent due under the lease, the Masons filed suit for eviction, past due rent and attorney fees. By supplemental petition the Masons prayed for judgment terminating Coen's rights under the contract. Coen reconvened, alleging breach of contract and seeking recision of the agreement, return of a $4,500 part payment made by him, and damages.
After trial, the district court found that the contract to sell and lease was breached by Coen's failure to pay the stipulated rent and his failure to close the sale as provided in the agreement, and that under the terms of the agreement Coen was not entitled to return of the $4,500 paid. The court further held that the Masons were entitled to recover $2,226.68 for past due rent, $1,808.25 for lost profits occasioned by Coen's failure to consummate the purchase of the property, and $2,000 attorney fees. Coen's demands were rejected. From a judgment rendered in accordance with the court's findings, Coen appealed.
On appeal, Coen contends the trial court erred in not ordering return of the $4,500 deposit, in not awarding damages for expenses incurred by Coen in improving the property, in not awarding attorney fees to Coen, and in awarding the Masons damages and attorney fees. Coen argues that the agreement was first breached by the Masons in filing a previous eviction suit when Coen deducted one-half of the cost of a plumbing bill from a rent check, that the $4,500 deposit should have been placed in escrow by Mrs. Mason, a licensed real estate agent, that the Masons refused to close the sale, that the $4,500 deposit more than covered the rent due under the lease, and that, in any event, the Masons are not entitled to recover rent and damages in addition to the $4,500 paid and forfeited.
*1198 Finding merit in the contention that the Masons are not entitled to recover rent and damages in addition to the amount paid to them, we amend the judgment to delete the awards for rent and lost profits, and otherwise affirm.
On January 6, 1982, the Masons and Coen entered into a purchase agreement whereby the Masons agreed to sell and Coen agreed to buy a residence located at 4015 Akard Street in Shreveport. The purchase price of the property was $67,000. The terms of sale set forth in the purchase agreement were a $10,000 cash payment and the assumption of an existing VA mortgage. In connection with the execution of the purchase agreement, Coen deposited $500 as a prepayment of real estate commission to be deducted from the sale price at the time of closing. The purchase agreement provided that the balance of the $10,000 cash was to be paid in two installments, $4,000 on February 19, 1982, and the remainder, $5,500, at the end of the one-year lease executed in connection with the purchase agreement. The sale was to be closed on or before March 1, 1983.
A lease was also entered into which provided for a one-year term commencing on February 1, 1982, and a monthly rental of $631.67.
The purchase agreement provides that "(i)n the event of non performance by either party, the other shall have the right to specific performance and/or damages and reasonable attorney fees." The lease provides that "(a)ny rent payment over five days late shall void entire lease/purchase agreement and all funds collected from buyer will be non-refundable and contract will be null and void." Although the purchase agreement and the lease are two separate documents, they contain several cross-references to each other and it is obvious the parties intended these documents to be considered as one agreement or contract.
Coen took possession of the premises in accordance with the lease and made the $4,000 installment on the purchase price on March 1, 1982. The Masons paid $2,000 to the two real estate firms as part payment of their commission and retained $2,000. Thereafter, Coen's possession of the premises was uneventful until November 1982 when a dispute between the parties arose as a result of a plumbing bill incurred by Coen. The defendant attempted to deduct one-half of the plumbing bill from his November rent payment. This action was not acceptable to the plaintiffs and an eviction suit was filed. However, the matter was resolved when Coen paid the full amount of the November rent and he continued in possession of the premises.
The next month the defendant failed to pay his rent on time, although a $300 partial payment was made in the latter part of the month. The balance of the December 1982 rent, as well as the rent for January 1983, was not paid. On January 14, 1983, the present suit for eviction and past due rent was filed by the Masons against Coen. On March 1, 1983, in accordance with the purchase agreement, the Masons scheduled a meeting to close the sale of the residence but Coen did not attend. On March 9, a judgment of eviction was rendered and Coen vacated the premises.
The factual issues were correctly resolved by the trial court. There was no breach of the contract by the Masons. The matter of the plumbing bill was resolved. The Masons never refused to consummate the sale. Coen failed to pay the rent due and refused to complete the sale.
There was no obligation on the part of the Masons to escrow the $4,500 part payment. The contract did not provide for the money to be escrowed. The contract called for the money to be paid to the Masons as sellers. Although the real estate broker for whom Mrs. Mason worked cooperated with another realtor on the sale, there was no obligation on the part of her or her firm to hold the money in escrow. LSA-R.S. 37:1455, subd. A(3) and (4), cited by Coen, is not applicable.
The contract between the parties is inartistically drawn but is subject to reasonable construction and interpretation. It *1199 is a conjunctive contract to sell immovable property and of lease. LSA-C.C. Arts. 2062, 2063. It contains two primary obligations on the part of the buyer-lessee, the payment of rent and the purchase of the property.
The $4,500 part payment is not earnest money because the contract provides for a right of specific performance in the event of default, and with respect to the $500 initially paid the contract expressly provides that it is not to be considered as earnest money. LSA-C.C. Art. 2463; Ducuy v. Falgoust, 228 La. 533, 83 So.2d 118 (1955); Crow v. Monsell, 200 So.2d 700 (La.App. 2d Cir.1967).
The contract does, however, provide that in the event of a default in the payment of rent the entire lease/purchase agreement is to be null and void and all sums paid, which would include rent and the $4,500 part payment, are nonrefundable, that is, shall be forfeited. This provision is a penal clause, governed by LSA-C.C. Arts. 2117, et seq. See Richmond v. Krushevski, 243 La. 777, 147 So.2d 212 (1962).
A penal clause is a secondary obligation, entered into for the purpose of enforcing the performance of a primary obligation. LSA-C.C. Art. 2117. A penal obligation necessarily supposes two distinct contracts, one to do or to give that which is the principal object of the contract, the other to give or do something, if the principal object of the agreement be not carried into effect. LSA-C.C. Art. 2118. The creditor, instead of exacting the penalty stipulated from the debtor who is in default, may sue for the execution of the principal obligation. LSA-C.C. Art. 2124. The penal clause is the compensation for the damages which the creditor sustains by the non-execution of the principal obligation. He can not demand the principal and the penalty together, unless the latter be stipulated for the mere delay. LSA-C.C. Art. 2125.
A penal clause is designed to both fix the damages caused by nonperformance of the principal obligation and act as a constraint to encourage performance of that obligation. However, in no way may the penal clause serve as a vehicle to recover punitive, as opposed to compensatory, damages. Heeb v. Codifer & Bonnabel, Inc., 162 La. 139, 110 So. 178 (1926); Thompson v. Bullock, 236 So.2d 892 (La. App. 3d Cir.1970); Rainey v. McCrocklin, 185 So. 705 (La.App.Orl.1939); Chauvin v. Theriot, 180 So. 847 (La.App. 1st Cir.1938); 43 La.L.Rev. 1315 at 1416.
A penal clause is regarded as a stipulation of liquidated damages. Pennington v. Drews, 218 La. 258, 49 So.2d 5 (1950); Burris v. Gay, 324 So.2d 11 (La. App. 2d Cir.1975). Where the parties, by their contract, have determined the sum that shall be paid as damages for its breach, the creditor must recover that sum, but is not entitled to more. LSA-C.C. Art. 1934(5).
The penal clause in this contract was designed and intended by the parties to secure performance of both principal contractual obligations, payment of rent and purchase of the property. It was reasonable in amount as relates to contemplated damages and to proven actual damages, and should be enforced. The buyer-lessee is not entitled to return of the payments made.
The seller-lessor cannot, however, recover the principal obligations secured by the penal clause in addition to the stipulated penalty. Recovery of the $2,226.68 awarded by the trial court for accrued rent in addition to the penalty amount would allow the creditor to enforce one of the principal obligations of the contract together with the secondary penal clause, contrary to the provisions of LSA-C.C. Art. 2125.
Concerning the award for profits in the amount of $1,808.25 lost when the sale failed to materialize, we note first that the Masons' pleadings do not allege or pray for recovery of that item of special damages. When items of special damage are *1200 claimed, they shall be specifically alleged. LSA-C.C.P. Art. 861. Even if the claim for lost profits was properly before the court for consideration, it should have been disallowed because profit from the sale was also one of the objects of the buyer's principal obligation to purchase, and is not recoverable in addition to the stipulated penalty.
The contract specifically provides for attorney fees in the event of nonperformance of the contract and in the event it should become necessary to retain an attorney to enforce performance of any obligation thereunder, and the $2,000 awarded to the Masons by the trial court is proper and reasonable. The Masons are not entitled to additional attorney fees for services rendered on appeal, as claimed in the brief filed on their behalf, because they neither appealed nor answered the appeal.
For the reasons assigned, the judgment of the district court is amended to delete the awards to the Masons of the accrued rent and lost profits. The judgment in favor of the Masons against Coen is reduced from the sum of $6,034.93 to the sum of $2,000. As so reduced and amended, the judgment is in all other respects affirmed. Costs of the appeal are assessed to Coen.
Amended and affirmed.