KLIEBERT, Judge.
This is an appeal by the City of Kenner, plaintiff, from a judgment in favor of the defendant lot owner, William J. Dwyer, dismissing the City’s suit to collect a special assessment levied against the defendant’s lot for a contractor’s charge for filling the lot to grade, all as required by city ordinances. On appeal the City assigns as errors (1) the court’s order admitting evidence as to the contractor’s failure to properly fill the lot, (2) the dismissal of the City’s suit because it failed to prove it advertised for bids and paid the contractor as required by the ordinance, and (3) in putting the burden of proof on the City rather than the defendant. We reverse.
On April 15, 1984, Mr. William J. Dwyer, defendant, was informed by the City of Kenner, plaintiff, that Lot 46-A David Drive was below curb grade and under the provisions of City Ordinance No. 2616 he was required to bring it to grade. The notice directed to him by certified mail granted him thirty (30) days in which to bring the lot to grade or to request a hearing before the council, in default of which the City would proceed to fill the lot and to adopt a special assessment for the actual work done plus accrued interest and 25% attorney fees. When Dwyer failed to respond, the City proceeded to have the lot filled. On October 26, 1981 it adopted Ordinance No. 3002, which ordinance accepted the bid of Joseph Fertitta Contracting Company, Inc. to fill the lot for $2,840.00 and a special assessment against the lot for the cost of the work, including expenses, interest and attorney fees.
The City filed suit against Dwyer in September 1983 seeking to collect the $2,840.00 plus interest and attorney fees as a special assessment against the lot. Dwyer responded with a general denial. After trial, the court dismissed the City’s suit due to its failure to prove it had followed the prescribed public bidding procedures required by Ordinance No. 2616 and that it had in fact paid the contractor the amount sought to be collected. The City contends the advertising and bidding procedures and the payment are official acts of a governmental authority and hence are presumed to have been done correctly; consequently, the burden of showing the City failed to comply with the statutory advertising and bidding procedures is on the defendant rather than the City.
It is well settled that there is a presumption in favor of the legality and regularity of acts of public officials. River Cities Const. Co. v. Barnard & Burk, 413 So.2d 666 (La.App. 1st Cir.1982); Vaughan v. Dowling, 243 La. 390, 144 So.2d 371 (1962). It is presumed that public officials have properly performed the duties of their office unless the contrary can be shown. Vavoline Oil Co. v. Concordia Parish School Board, 216 So.2d 702 (La.App. 3rd Cir.1968); Dubois v. Olympic Ins. Co., 231 So.2d 714 (La.App. 1st Cir.1970), writ refused 255 La. 916, 233 So.2d 564 (1970).
In the instant case the trial court improperly placed the burden of proof on the City of Kenner to prove that its officials carried out the duties of their office. A litigant must specifically plead an affirmative defense and if he fails to do so, he will not be allowed to introduce evidence of his defense. C.C.P. Article 1005, Bates v. Stewart, 262 So.2d 591 (La.App. 3rd Cir.1972); Goulas v. Goulas, 426 So.2d 735 (La.App. 3rd Cir.1983).
The true copy of Ordinance No. 3002 is presumptive proof that the officials of the City of Kenner properly executed their duties and there is no affirmative evidence showing that they failed to perform those duties, hence, the City of Ken-ner introduced competent evidence of the existence of the special assessment and was therefore entitled to collect same un *826 less the defendant affirmatively pled and showed on trial the City failed to follow the procedures prescribed by the statute to impose the special assessment against the defendant’s lot. Accordingly, the judgment of the trial court is reversed and set aside and judgment is rendered herein in favor of the City of Kenner and against the defendant William Dwyer in the amount of $2,840.00 together with interest at the rate of 10% per annum, plus 25% attorney fees on the full amount due, and the City of Kenner’s lien for the amount due against Lot 46A, David Drive Subdivision, Kenner, Louisiana, is hereby recognized.
All costs are to be borne by the defendant.
REVERSED AND RENDERED.