499 So.2d 111 (1986)
Roger A. CAMPBELL d/b/a Tron Computronics
v.
PIPE TECHNOLOGY, INC.
No. 85-CA-0895.
Court of Appeal of Louisiana, First Circuit.
October 15, 1986.
Rehearing Denied January 12, 1987.
Writ Denied February 20, 1987.
*112 Leo J. Landry, Judycki & Landry, Morgan City, for plaintiff.
David A. Kerstein, Gerald J. Gallinghouse, Porteous, Hainkel, Johnson & Sarpy, New Orleans, for Pipe Technology, Inc.
Before EDWARDS, WATKINS and PONDER[*], JJ.
EDWARDS, Judge.
Plaintiff, Roger A. Campbell d/b/a Tron Computronics, brought this action against the defendant, Pipe Technology, Inc. (Pipe Tech), for breach of a computer lease. The trial court enforced the literal terms of the lease and awarded Campbell a judgment for $33,750 accelerated future rentals plus legal interest, $5,000 attorneys' fees, and costs, even though Campbell had previously recovered the leased property. Pipe Tech appeals, contending that the trial court erred: (1) in finding that the computer lease was valid and enforceable; (2) in holding that Pipe Tech breached the lease; and (3) in allowing Campbell to retain possession of the computer and also recover for accelerated future rentals.

FACTS
In 1983, Pipe Tech entered into a computer lease with Tron Computronics.[1] Under the terms of the lease, fifty-seven payments of $750 were due monthly beginning July 1, 1983. In the event of a breach, the lessor was entitled to the return of the leased property and to accelerated future rentals. The lessee also agreed to pay any attorney's fees incurred by the lessor in enforcing the lease.
As Administrative Manager of Pipe Tech, Campbell had control of the defendant's financial records and was authorized to sign its checks. Thus, Campbell prepared and signed the checks payable to Tron Computronics for the computer lease. During the twelve months this lease was in effect, Campbell caused Pipe Tech to overpay the agreed upon rental by $3,000.
On July 17, 1984, Campbell attempted to put Pipe Tech in default for breach of the *113 computer lease by alleging that the rent for July had not been paid. Pipe Tech was unaware of the $3,000 overpayment at this time. It was not until an internal audit revealed the true nature of the lease and Campbell's interest in it that Pipe Tech declared the lease to be null and void. The computer was returned to Campbell.

THE LEASE
The party seeking to enforce a contract has the burden of proving the validity of the obligation. LSA-C.C. art. 2232 (current version at LSA-C.C. art. 1831). Pipe Tech contends that Campbell failed to prove the element of consent and so failed to meet his burden of showing the existence of the essential elements for a valid lease. See LSA-C.C. art. 2670. Pipe Tech relies on the fact that its Chief Executive Officer, William Tinsley, exceeded his authority when he signed the lease on behalf of Pipe Tech. The record does support Pipe Tech's assertion that Tinsley was not authorized to incur financial obligations in excess of $10,000. However, an agent's unauthorized contract can be ratified by the principal's failure to act after being apprised of the facts. In Louisiana Consumer's League, Inc. v. City of Baton Rouge, 431 So.2d 35 (La.App. 1st Cir.), cert. denied, 435 So.2d 431 (La.1983), the court held that an unauthorized contract entered into by the Mayor of Baton Rouge was ratified when the City Council allowed the plaintiff to continue operating under the contract for two months after being informed of its existence. We find that Pipe Tech, which became aware of the contract in October, 1983, tacitly ratified the lease by using the computer until July, 1984. Since the lease is valid, only those provisions that are against public policy are unenforceable. Pipe Tech contends that both the monthly rental and the $2,250 installation fee (for plugging in the computer) are excessive. The record supports these claims, but excessiveness does not equal unconscionability. Therefore, Pipe Tech is not entitled to a refund from Campbell.

THE BREACH
The trial court found that Pipe Tech's failure to make any rental payments after July, 1984, operated as a breach of the lease and triggered the lawsuit. Although Pipe Tech clearly indicated its intent to terminate the lease as of July 30, 1984, the evidence establishes that Pipe Tech made $3,000 in overpayments that should have been credited as rent for July, August, September, and October. Since Pipe Tech had prepaid the rent, it clearly could not breach the lease through nonpayment for the month of July. At the time it answered, Pipe Tech was unaware of the overpayments and so waived this valid defense.
Pipe Tech attempted to amend its answer and assert a reconventional demand against Campbell, but the trial judge denied its motion. Since a trial court has a great deal of discretion in allowing parties to amend their pleadings, it will not be reversed on appeal unless there is an abuse. LSA-C.C.P. art. 1151. See CDT, Inc. v. Greener & Sumner Architects, Inc., 453 So.2d 1252 (La.App. 3d Cir.1984); Broussard v. Breaux, 412 So.2d 176 (La. App. 3d Cir.), cert. denied, 416 So.2d 115 (La.1982). While we do not find an abuse of discretion in this case, the record clearly shows that the lease was terminated in July of 1984, and that Pipe Tech is entitled to a judgment of $3,000 for the overpayments.

THE JUDGMENT
The computer lease entered into by Campbell and Pipe Tech provided that:
12. Should Customer default in the payment of any rental due, ... Lessor *114 shall have the right to exercise any one or more of the following remedies:
. . . . .
3. Lessor may, with or without repossessing the Equipment, declare the entire unpaid rent due and payable immediately, by giving written notice thereof to Customer.
Under the terms of this lease, Campbell was entitled to unpaid future rental payments and recovery of the leased property in the event of a breach by Pipe Tech. The trial court recognized that enforcement of this provision produced a harsh outcome, but considered itself bound by the terms of the lease.
According to LSA-R.S. 9:3261 (current version at LSA-R.S. 9:3318), a lessor must elect to sue for future rentals or the return of the leased property. In American Leasing Co. v. Lannon E. Miller & Son, 469 So.2d 325 (La.App. 2d Cir.1985), the corporate lessee appealed a judgment in favor of the plaintiff in a suit on a lease of a tractor. The trial court enforced the literal terms of the lease which entitled the plaintiff/lessor to the return of the tractor and to future rental payments. The Second Circuit reversed and held that the Louisiana Lease of Movables Act[2] does not allow a lessor to recover both the leased property and future rentals. Thus, the trial court clearly erred in awarding Campbell a judgment for future rental payments since he had previously recovered the leased property. The judgment of the trial court in favor of Campbell is hereby reversed and all demands of Campbell against Pipe Tech are dismissed with prejudice.
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of Pipe Technology, Inc., defendant, and against Roger Campbell d/b/a Tron Computronics, plaintiff, for prepaid rentals in the amount of $3,000 together with legal interest from date of judicial demand until paid. Costs of this appeal are to be borne by appellee.
REVERSED.
NOTES
[*] Judge Elven E. Ponder, retired, has been assigned temporarily to this court by the Supreme Court of Louisiana to fill the vacancy created by the election of Justice Luther F. Cole to the Supreme Court.
[1] Campbell used the fictitious name "Tron Computronics" as lessor to conceal his interest in the lease from his employer, Pipe Tech. He persuaded a fellow employee, Bradley McVey, to sign the lease as agent for Tron Computronics.
[2] LSA-R.S. 9:3261-3272, repealed by Acts 1985, No. 592 (effective July 13, 1985) and reenacted as LSA-R.S. 9:3301-3342.