KLIEBERT, Judge.
Plaintiff, Vernon A. Blackledge, was the owner of a 1984 Fleetwood mobile home which was subject to a chattel mortgage held by Louisiana National Bank (Bank). This suit arises out of an agreement to purchase in which plaintiff agreed to lease the mobile home to Fred and Rene Vinet, defendants, pending the passage of the act of sale. When defendants failed to pay the monthly rents and voluntarily agreed to return the mobile home, plaintiff again took possession of the mobile home and turned it over to the Bank for credit under the chattel mortgage indebtedness. Additionally, plaintiffs sued for a bad faith breach of contract. Defendants answered with a general denial.
Based on stipulated facts the trial judge rendered judgment in favor of plaintiff and against defendants for $4,800.76 plus legal interest and costs. Defendants appeal de-volutively contending the damage award was improper and could only be fixed as an early termination or a default in the manner provided by the Louisiana Lease of Movables Act, LSA-R.S. 9:3301 et seq. Plaintiff contends defendants’ argument is an affirmative defense and since it was not pleaded in the answer was not properly before the trial court or before this court. For the reasons hereinafter assigned we change the amount of the award from $4,800.76 to $350.00, and as revised, affirm.
The stipulation of the parties admitted into evidence the Agreement to Purchase and Sell entered into by the parties on February 9, 1986 and attached hereto as Appendix “I”. The stipulation entered into in lieu of a trial acknowledged: (1) the existence of Louisiana National Bank’s chattel mortgage, (2) the Bank was not a party to the February 9th agreement, and (3)the plaintiff had paid, pursuant to the chattel mortgage agreement, the following amounts to the Bank: (a) Downpayment $1,150.00, (b) Insurance on mobile home $1,078.00, (c) Monthly installment notes of $6,329.16. Additional facts stipulated to were as follows:
“(1) Defendant was late in his monthly payments for five months between May and October, 1986. The late fee was $20.00 per month.
(2) Defendant notified plaintiff in the third week of November, 1986 that he could not pay for the trailer and to pick it up.
(3) Defendant mailed plaintiff a letter that trailer was on defendant’s property and plaintiff would be charged lot rent of $110.00 per month if it was not removed. This letter was mailed December 28, 1986 and was received by the plaintiff.
(4) The defendant did not pay rent in November 1986, December 1986, January 1987, February 1987, March 1987 and April 1987.
(5) Plaintiff paid the defendant $350.00 for lot rent when the trailer was returned. Plaintiff spent $15.00 for a certified check and mail.
(6) The plaintiff advertised the trailer in November, 1986 at a cost of $52.00.
(7) The plaintiff kept the deposit on the trailer.”
In arriving at the total award of $4,800.76, the trial court totaled the following amounts: (a) down payment $1,150.00, (b) insurance $1,078.00, (c) note payments $1,846.01, (d) butane tank $89.00, (e) late fees $220.00, (f) ad in Times-Picayune $52.00, (g) lot rental $350.00, (h) service *937 charges for $350.00 certified check to pay the $350.00 land rental, and (i) postage $10.75.
Plaintiff contends defendants’ arguments constituted an affirmative defense which was not properly before the trial court or this court is grounded in the provisions of La.C.C.P. Article 1005.[1] An affirmative defense raises a new matter which, assuming the allegations of the petition to be true, constitute a defense to the action and will have the effect of defeating plaintiffs demand on its merits. La.C.C.P. Article 1003, 1005. Webster v. Rushing, 316 So.2d 111 (La.1975). If he fails to especially plead an affirmative defense, a defendant will not be allowed to introduce evidence of his defense. City of Kenner v. Dwyer, 464 So.2d 824 (5th Cir.1985).
Defendants’ reliance on LSA-R.S. 9:3301 et seq., the Louisiana Lease of Movables Act, is not barred by his failure to plead the provisions of the act. The defense is based on the provisions of or lack of provisions in the contract which was stipulated into evidence. Additionally, applying the provisions of LSA-R.S. 9:3301 et seq., does not defeat plaintiff’s claim on the merits, hence, it is not an affirmative defense. Webster, supra.
The “Agreement to Purchase or Sell” (Appendix “I”) is a conditional sales agreement whereby title is maintained in vendor (plaintiff) while vendees (defendants) enjoy the use of the object through the terms of the agreement. At the term’s expiration, the lease payments made by defendants would equal the stated purchase price for the mobile home and title would transfer. Although previously prohibited in Louisiana, this type agreement is now valid and enforceable under the Louisiana Lease of Movables Act. LSA-R.S. 9:3301 et seq., enacted by Act No. 592 of 1985, effective July 13, 1985.
Although the lease in question here is primarily for a personal, family, or household purpose, since the total compensation under the lease exceeds twenty-five thousand dollars, it is considered a commercial lease. LSA-R.S. 9:3306(9), (16). Under the provisions of the act, the parties to a financial commercial lease agreement may contractually agree to pay late charges in any amount or at any rate on any delinquent rental payment which is not paid in full on the scheduled or deferred due date. Other charges, including deferral charges (Sec. 3315), early termination charges (Sec. 3316), and end of lease charges (Sec. 3317) may be contractually provided for in the lease.
The only evidence in the record entitling plaintiff to recover for any of the charges enumerated in the preceding paragraph is the contractual late charges of $20.00 per month and the stipulation between the parties that five monthly payments were late. Therefore, plaintiff has proven and is entitled to recover $100.00 in late charges.
After default of the lessee, under LSA-R.S. 9:3318, lessor has two options: (1) sue for accelerated payments or (2) he may cancel the lease, recovering possession of the property and such additional amounts and liquidated damages as may be contractually provided under the lease agreement. Here, plaintiff took the property back and disposed of it. He therefore cannot sue for accelerated payments as he has already made his choice. In any event, he could not fulfill the requirements of LSA-R.S. 9:3319(C)[2] as the mobile home is gone. *938 Campbell v. Pipe Technology, Inc., 499 So.2d 111 (1st Cir.1986) writ denied 502 So.2d 117 (La.1987).
Liquidated damages provided for in the lease agreement are allowed under LSA-R. S. 9:3325 and shall be awarded to the lessor if the amount is found to be reasonable. When the parties, by their contract, have determined the sum that shall be paid as damages for its breach, the creditor must recover that sum, but is not entitled to more. Mason v. Coen, 449 So.2d 1195 (2nd Cir.1984). Here, the contract called for a deposit of $250.00 “to be held as security on the above mentioned trailer in the event of damage or default,” defendants’ default entitles plaintiff to recover $250.00 in liquidated damages.
Any damages besides the amounts awarded above as liquidated damages and late charges were improperly assessed. The parties contracted for no other damages. Plaintiff maintained ownership of the mobile home and was himself responsible for the down payment, insurance and notes. There is no stipulation regarding the butane tank and the award of $89.00. The Times-Picayune ad for $52.00 also does not concern defendants and should not have been awarded.
Defendants notified plaintiff by letter, mailed December 28,1986, that $110.00 per month would be charged for lot rent if the mobile home was not removed. The stipulations do not state when the mobile home was returned but it does provide that $350.00 was paid as lot rent upon the mobile home’s return. This period may have been as long as four months. We find defendants properly charged plaintiff rent. The law provides remedies to require a lessee to surrender possession, if he refuses to return the object. See LSA-R.S. 9:3321 and 9:3322. Since plaintiff left the mobile home on defendants’ property, he is liable for rent. The service charge and mail fee are both related to the rent charges and improperly awarded as damages.
For the foregoing reasons, the judgment of the trial court is amended to provide that the award to plaintiff is $350.00 in lieu of $4,800.76 and as thus amended, is affirmed. Each party is to bear his own cost of the appeal.

AMENDED AND, AS AMENDED, AFFIRMED.

*939 EXHIBIT X
ACREmENT TO PURCHASE OR SELL
[[Image here]]
I/We accept the above in all its terms and conditions.

. La.C.C.P. Article 1005 provides as follows: "The answer shall set forth affirmatively arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, division, duress, error or mistake, estoppel extinguishment of the obligation in any manner, failure of consideration, fraud, illegality, injury by fellow servant, transaction or compromise, and any other matter constituting an affirmative defense. If a party has mistakenly designated an affirmative defense as an incidental demand, or an incidental demand as an affirmative defense, and if justice so requires, the court, on such terms as it may prescribe, shall treat the pleading as if there had been a proper designation.

. LSA-R.S. 9:3319(C) provides as follows:
If the lessee pays accelerated future rental payments to the lessor, the lessor must permit the lessee to remain in peaceable possession of the leased equipment over the remaining lease term subject to the lessor’s rights under R.S. 9:3319(D).