# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 28, 2009

Charles R. Fulbruge III
Clerk

No. 09-30025
Summary Calendar

CHRISTOPHER BODIN; KYLAN BODIN,

Plaintiffs - Appellants

v.

JAMES C BUTLER; JOYCELYN BUTLER,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
No. 07-CV-3505

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-appellants Christopher and Kylan Bodin appeal the district court's judgment awarding them only $5,000 as stipulated damages rather than actual damages under a contract to sell real property to the defendants-appellees that the parties failed to consummate. For the reasons stated below, we affirm the district court's judgment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. FACTUAL AND PROCEDURAL BACKGROUND

James and Jocelyn Butler (the "Butlers") contracted to purchase the home of Christopher and Kylan Bodin (the "Bodins") for $980,000. The Butlers tendered a $5,000 deposit, but, for reasons that remain unknown, they did not appear at closing to consummate the sale. The Bodins relisted the home and sold it eight months later for $900,000. They then sued the Butlers for breach of the purchase agreement and sought recovery of the $80,000 difference in contract prices.

The district court granted the Butlers' motion for summary judgment. It concluded that the parties' agreement limited the Bodins' damages to the $5,000 deposit as stipulated damages. The Bodins filed a timely appeal, arguing that they should have been able to recover actual damages because the $5,000 was only a deposit and was not stipulated damages.

## II. DISCUSSION

We review the district court's grant of summary judgment de novo, applying the same standard as the district court. *EEOC v. Agro Distrib., LLC*, 555 F.3d 462, 469 (5th Cir. 2009). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED R. CIV. P. 56(c). Summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). We construe all facts and inferences in the light most favorable to the party opposing summary judgment. *Agro Distrib.*, 555 F.3d at 469.

This dispute centers around a clause in the parties' agreement entitled "Breach of Agreement by Purchaser," which provides:

> In the event the PURCHASER fails to comply with this agreement within the time specified, SELLER shall have the right to demand specific performance or, at SELLER's option, SELLER shall have the right to reoffer the property for sale and may declare the deposit, ipso facto, forfeited, without formality beyond tender of title to PURCHASER. In either event, SELLER shall have the right to recover any costs and/or fees, including expenses and reasonable attorney's fees, incurred as a result of this agreement or breach thereof.

The district court concluded that "the words of the Agreement are clear. If the purchaser breaches, the seller can either demand specific performance or put the property back on the market and declare the deposit forfeited." *Bodin v. Butler*, No. 07-3505, 2008 WL 2951345, at *3 (E.D. La. July 28, 2008); *see* LA. CIV. CODE ANN. art. 2046 ("When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent."). Since this clause offered the alternative of specific performance, the district court found that the deposit was not earnest money because the purchaser could not withdraw by merely forfeiting the deposit. *See* LA. CIV. CODE ANN. art. 2624 ("If the parties stipulate that a sum given by the buyer to the seller is earnest money, either party may recede from the contract, but the buyer who chooses to recede must forfeit the earnest money . . . ."); *see also Mason v. Coen*, 449 So. 2d 1195, 1199 (La. Ct. App. 1984) ("The $4,500 part payment is not earnest money because the contract provides for a right of specific performance in the event of default . . . ."). Although it was not earnest money, the district court held that the clause was a stipulated damages clause that limited recovery to the amount of the deposit. Finally, the district court found that the breach was not in bad faith because the Bodins "provided no evidence of the Butlers' bad faith other than the bare fact that they refused to go through with the Agreement." *Bodin*, 2008 WL 2951345, at *4.

On appeal, the Bodins make two arguments: (1) the district court erred in concluding that the clause provided for stipulated damages because the $5,000 could only be earnest money or a deposit; and (2) assuming that the clause provided for stipulated damages, there are genuine issues of material fact regarding whether the stipulated amount was reasonable and whether the Butlers' breach was in bad faith.

The Bodins' first argument is premised on a false dichotomy—that the $5,000 must be either a deposit (in which case they can recover actual damages) or earnest money (in which case they are limited to that amount). Under their theory, once the district court admitted that the $5,000 could not be earnest money because it included the option of specific performance, the district court had no choice other than to conclude that the $5,000 was a deposit.

Article 2624 creates a presumption that money given by the buyer to the seller is a deposit "unless the parties have expressly provided otherwise." LA. CIV. CODE ANN. art. 2624. Although the rest of the statute discusses earnest money, its language does not limit the parties' ability to agree that money given to the seller can be something other than earnest money. Article 2005 states that "[p]arties may stipulate the damages to be recovered in case of nonperformance, defective performance, or delay in performance of an obligation." LA. CIV. CODE ANN. art. 2005. Consistent with Article 2624, the parties' agreement defines the $5,000 payment as a deposit, and, consistent with Article 2005, the agreement uses the deposit as the measure of stipulated damages. *See Riverfront Investors Group v. Chavez*, 644 So. 2d 247, 249 (La. Ct. App. 1994) (describing a contract that provided for a "sum of money that would simultaneously serve as a deposit and as liquidated damages in the event Purchaser failed to perform, as opposed to a figure that was meant to serve only as one or the other.").

The Bodins additionally attempt to support their deposit-or-earnest money theory by asserting that earnest money is synonymous with stipulated or liquidated damages and, therefore, it was impossible for the district court to conclude that the $5,000 was stipulated damages but not earnest money. This argument falters in light of the separate treatment of the two terms in Articles 2624 and 2005. The only support cited by the Bodins for this point is a quote from *Bounds v. Makar*, 493 So. 2d 268, 271 (La. Ct. App. 1986) ("The giving of earnest money is equivalent to a stipulation for liquidated damages which bars the remedy of specific performance should either party decide to recede and thereby forfeit the amount of the deposit."). *Contra Sunbelt One v. Melian*, 509 So. 2d 705, 707 (La. Ct. App. 1987) ("The giving of earnest money is *related to* a stipulation for liquidated damages which bars specific performance by either party should the intended contract of sale not be consummated." (emphasis added)). While earnest money is one type of stipulated damages, it is not the sole method by which parties may stipulate damages in a contract to sell real property.

The Bodins last contention under their first argument is that the clause in question could not have been intended to be a stipulated damages clause because it does not mention the exact words "stipulated damages," "liquidated damages," or state that its remedies are the exclusive remedies for breach of the agreement. Nothing in Article 2005, which permits parties to stipulate to damages, requires any such specific words. The substance of the clause is clear and unequivocal in its purpose to set a fixed amount of damages for breach of the agreement. The Bodins cite a number of cases involving clauses that specifically mention either stipulated damages or liquidated damages. *See, e.g.*, *Grimsley v. Lenox*, 643 So. 2d 203, 204 (La. Ct. App. 1994) ("In the event the purchaser fails to perform every condition of this contract within the time specified, [the purchaser] waive[s] any right to the deposit, and forfeit[s] same as *liquidated*

*damages . . . .*" (emphasis added)); *Riverfront Investors*, 644 So. 2d at 249 ("If this offer is accepted and Purchaser refuses to perform, the deposit shall be paid to Seller as *liquidated damages* and Seller shall have no other further recourse against Purchaser." (emphasis added)). However, none of these cases states a requirement that such language be included in the clause in order for it to be effective. Indeed, the Louisiana Supreme Court upheld a similar clause that lacked the words liquidated or stipulated damages—"[i]n the event the purchaser fails to comply with this Agreement within the time specified, the seller shall have the right to declare the deposit . . . fortified [sic] . . . or the seller may demand specific performance"—because it contained "the essential ingredients of a stipulation of damages: it was stipulated in advance by the parties, provides the sum to be recovered in case of nonperformance, and gives rise to a secondary obligation for the purpose of enforcing the principal one." *Lombardo v. Deshotel*, 647 So. 2d 1086, 1089–90 (La. 1994) (alterations in original) (citing LA. CIV. CODE ANN. art. 2005). Therefore, we conclude that the district court was correct in holding that the clause was a stipulated damages clause.

The Bodins' second argument is that there remained genuine issues of material fact regarding whether the Butlers' breached the contract in bad faith and whether the stipulated damages were reasonable. The district court concluded that "the evidence submitted does not show that the Butlers' actions rise to the level of bad faith . . . [because] [t]he Bodins have provided no evidence of the Butlers' bad faith other than the bare fact that they refused to go through with the Agreement." *Bodin*, 2008 WL 2951345, at *4. The Bodins argue that they did not need to prove bad faith as a matter of law, only intentional conduct, and, in the alternative, that they presented sufficient evidence of bad faith to survive summary judgment.

For their legal argument, the Bodins cite Article 2004, which states that "[a]ny clause is null that, in advance, excludes or limits the liability of one party for intentional or gross fault that causes damages to another party." LA. CIV. CODE ANN. art. 2004. This argument ignores the fact that we have previously determined that the intentional conduct in Article 2004 refers to fraudulent intent. *See Occidental Chem. Corp. v. Elliott Turbomachinery Co.*, 84 F.3d 172, 176–77 (5th Cir. 1996) (describing that the legislative intent behind Article 2004 was that such clauses "are against public policy because the overriding principle of good faith would be destroyed if it were possible to contract away for liability for fraud"). Moreover, the Bodins' interpretation of Article 2004 conflicts with Article 1997, which provides that "[a]n obligor in bad faith is liable for all the damages, foreseeable or not, that are a direct consequence of his failure to perform." The comments to this article state that "[a]n obligor is in bad faith if he intentionally and maliciously fails to perform his obligation." LA. CIV. CODE ANN. art. 1997, cmt. b (1984). If Article 2004 lowered the level of conduct necessary to invalidate a stipulated damages clause to only intentional conduct, there would be no need for Article 1997. Moreover, the Bodins' interpretation of Article 2004 would preclude even earnest money clauses because a buyer can intentionally decide to recede from a transaction and will only be liable for the amount of the earnest money. Thus, we conclude that the district court was correct in applying Article 1997 in this case.

For their factual argument, the Bodins assert that the Butlers have never provided a justification for not completing the sale. They claim that knowing when the Butlers made the decision to recede is a material fact in determining whether the breach was in good faith. After conducting discovery, the Bodins were unable to present any evidence regarding the Butlers' bad faith or intent. On appeal, they fail to cite to any summary judgment evidence regarding bad faith or intent. Accordingly, we conclude that the district court was correct in

determining that the Bodins had failed to show a genuine issue of material fact as to the Butlers' bad faith.

Regarding the Bodins' claim that the stipulated damages were unreasonable, they cite Article 2012, which provides that a stipulated damages clause can only be modified by a court if it is "so manifestly unreasonable as to be contrary to public policy." LA. CIV. CODE ANN. art. 2012. They argue that stipulated damages of only $5,000 on a contract price of $980,000 is manifestly unreasonable.

First, we note that Article 2012 requires more than mere unreasonableness: the stipulated damages must be so manifestly unreasonable as to contradict public policy. However, the Bodins have not pointed to any public policy that this stipulated damages clause violates. The cases they cite address unreasonably large stipulated damages that, as a result, are penal in nature. *See, e.g., Keiser v. Catholic Diocese of Shreveport, Inc.*, 880 So. 2d 230, 236 (La. Ct. App. 2004) (invalidating a stipulated damages clause when the opposing party was not allowed to negotiate the amount and the record contained no evidence of any actual damages); *Mobley v. Mobley*, 852 So. 2d 1136, 1140 (La. Ct. App. 2003) (concluding that a party should be able to put on evidence regarding actual damages to show that stipulated damages were unreasonably excessive)*; Carney v. Boles*, 643 So. 2d 339, 343–44 (La. Ct. App. 1994) (reducing stipulated damages because they so far exceeded actual damages that enforcement would have been a windfall to the plaintiffs); *Am. Leasing Co. v. Lannon E. Miller & Son, Gen. Contracting, Inc.*, 469 So. 2d 325, 329 (La. Ct. App. 1985) (noting that "[s]tipulated damages may exceed, to some degree found reasonable by the court, actual damages"). But, the Bodins cite no case where a stipulated damages clause was invalidated for being too small in relation to the actual damages.

Second, the Bodins mischaracterize the stipulated damages in this case by using an incorrect denominator in their calculation. In each of the cases cited above, the court compared the stipulated damages to the actual damages incurred, the amount of the sale price notwithstanding. Thus, we look at the relationship between the $5,000 stipulated damages and the $80,000 actual damages, not the original sales price of $980,000. Under these circumstances, the stipulated damages clause is not so manifestly unreasonable as to be contrary to public policy. *See, e.g., Grimsley*, 643 So. 2d at 206 (enforcing stipulated damages of $500 when actual damages were $15,000); *Riverfront Investors*, 644 So. 2d at 249–50 (enforcing stipulated damages of $10,000 when actual damages were $100,000).

Because the parties' agreement provides for stipulated damages and the Bodins fail to raise a genuine issue of material fact as to the Butlers' bad faith and the unreasonableness of the stipulated damages, summary judgment limiting their recovery to $5,000 was appropriate.[1]

## III. CONCLUSION

For the reasons stated above, we AFFIRM the district court's judgment.

---

[1] In their prayer for relief, the Bodins assert that they submitted time records for attorneys fees in the amount of $16,825.80 but were awarded only $12,748.80 by the district court. Also, they requested and were denied $59,031.01 for personal expenses incurred during the time between the failed closing and the sale of the property. The Bodins ask this court to award them these amounts but provide no argument as to why the district court erred in denying these fees and costs. By failing to brief this issue, the Bodins have waived their argument. *See L & A Contracting Co. v. S. Concrete Servs.*, 17 F.3d 106, 113 (5th Cir. 1994).